COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MW MANUFACTURERS, INC. AND
 TRAVELERS INDEMNITY COMPANY
 OF ILLINOIS
                                    MEMORANDUM OPINION[*]
v.    Record No. 2468-97-3              PER CURIAM
                                      APRIL 14, 1998
HENRY B. DOWDY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Dale W. Webb; Monica L. Taylor; Gentry,
          Locke, Rakes & Moore, on brief), for
          appellants.

          (Richard M. Thomas; Rider, Thomas,
          Cleaveland, Ferris & Eakin, on brief), for
          appellee.


     MW Manufacturers, Inc. and its insurer (hereinafter referred

to as "employer") contend that the Workers' Compensation

Commission erred in finding that Henry B. Dowdy proved that (1)

he sustained an injury caused by a specific identifiable incident

occurring at work; and (2) his back injury was caused by that

injury by accident.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

                              I.

     On appeal, we view the evidence in the light most favorable

to Dowdy, the prevailing party below.  See R.G. Moore Bldg. Corp.

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So viewed, the evidence proved that on September 6, 1996, Dowdy and a co-worker, Junior Frith, were lifting a triple window unit when Frith lost his grip on the unit.  Dowdy used his left hand to prevent the unit from falling and, in doing so, felt pain in his lower back.  The window unit weighed approximately 250 pounds and measured six feet long and nine feet wide.

Dowdy testified that he reported the incident to his supervisor and to the plant nurse, but did not describe the accident with any specificity.  Dowdy also gave his employer a recorded statement that detailed the incident consistent with his hearing testimony.  Dr. Roger D. Tims, the first doctor who treated Dowdy, recorded a history of "acute low back pain which occurred after lifting windows at work."  Dowdy gave Dr. W. Ronald Howell and Dr. Edgar N. Weaver, Jr. a history consistent with his hearing testimony.

Based upon the evidence in the record, the commission made the following findings:

> The Deputy Commissioner found [Dowdy] testified credibly regarding the details of the September 6, 1996, incident, finding his account consistent with that given to the plant nurse, the carrier, and Drs. Howell and Weaver.  As to the history recorded by Dr. Tims, the Deputy Commissioner found that [Dowdy] did not appreciate the significance of the details of the incident. . . .
>
> While it is true that Dowdy was convicted of a felony over ten years ago, this conviction does not mean [he] cannot testify truthfully.  Moreover, co-worker Frith corroborated Dowdy's testimony about

2

the specific details of the September 6, 1996, incident and Dowdy reported the same history to the carrier, the plant nurse and Drs. Howell and Weaver.

That Dr. Tims reported that [Dowdy] experienced back pain after lifting "windows" is not dispositive. Dowdy was unsure whether he reported a specific incident to Dr. Tims, and the bulk of the record reflects that [Dowdy] reported a specific incident to several individuals. Also, the only other witness to the September 6, 1996, incident testified that [Dowdy] injured his back while preventing a large window unit from falling.

The commission ruled that Dowdy proved that he was injured as a result of an identifiable incident at work on September 6, 1996 and "agree[d] with the Deputy Commissioner that [Dowdy] proved a compensable injury by accident."

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). "In determining whether credible evidence exists [to support the commission's ruling], the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the

3

commission's finding." Id.

In rendering its decision, the commission considered the various medical histories and resolved any inconsistencies between this evidence and Dowdy's testimony in favor of Dowdy. Dowdy's testimony, which was corroborated by Frith, the plant nurse, the recorded statement, and the medical histories of Drs. Howell and Weaver, provides credible evidence to support the commission's finding that Dowdy proved an identifiable incident that resulted in a compensable injury. Thus, that finding is conclusive on this appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

## II.

In holding that Dowdy proved that his back injury was caused by the September 6, 1996 accident at work, the commission found as follows:

> Dr. Weaver offered no opinion on causation. Dr. Howell concluded that he could not state within a reasonable medical certainty that the degenerative disc disease from L1 through L4 was causally related to the industrial accident. However, in his Attending Physician's Report of February 3, 1997, Dr. Howell related [Dowdy's] persistent radicular back pain to the September 6, 1996, incident.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). Furthermore, "[t]he actual determination of causation is a factual finding that will not be disturbed on

4

appeal if there is credible evidence to support the finding."
Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d
814, 817 (1989).

In its role as fact finder, the commission was entitled to
weigh the medical evidence and to accept the opinion Dr. Howell
expressed in his Attending Physician's Report.  That opinion and
Dowdy's testimony that he had not experienced back symptoms
immediately prior to the September 6, 1996 incident at work
constitute credible evidence to support the commission's
decision.  Consistent with Dollar General Store v. Cridlin, 22
Va. App. 171, 468 S.E.2d 152 (1996), the commission properly
considered both Dowdy's testimony and the medical evidence in
determining causation.

For the reasons stated, we affirm the commission's decision.

Affirmed.