COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


ECPI COMPUTER INSTITUTE AND GRAPHIC
 ARTS MUTUAL INSURANCE COMPANY

                                        MEMORANDUM OPINION*
v.    Record No. 0837-98-3                  PER CURIAM
                                         SEPTEMBER 22, 1998
CARMEN ANNE THOMPSON AND AETNA
 CASUALTY AND SURETY COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Joshua M. Wulf; Scott C. Ford; Midkiff &
            Hiner, on brief), for appellants.

            (Richard M. Thomas; Rider, Thomas,
            Cleaveland, Ferris & Eakin, on brief), for
            appellee Carmen Ann Thompson.

            (Dale W. Webb; Monica L. Taylor; Gentry,
            Locke, Rakes & Moore, on brief), for appellee
            Aetna Casualty and Surety Company.



     ECPI Computer Institute and its insurer, Graphic Arts Mutual

Insurance Company, contend that the Workers' Compensation

Commission ("commission") erred in finding that Carmen Anne

Thompson ("claimant") proved that her need for dental implants

and her temporomandibular joint dysfunction ("TMJ") problems were

causally related to her June 11, 1994 injury by accident.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

---

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In finding that claimant proved a causal connection between her June 11, 1994 injury by accident and her need for dental implants and her TMJ problems, the commission found as follows:

> It is the opinion of Dr. [John] Repass that the claimant's TMJ symptoms "[a]re the results of the direct blow to the face and jaws in the fall on 6-11-94."  Dr. [Monroe E.] Harris[, Jr.] found "[a]bsolutely no cause and effect relationship between the accident in June of 1994 and the need for dental implants."  He believes this treatment relates back to the [1993] motor vehicle accident.  Dr. Harris believes the claimant's TMJ problem was caused by the first accident and aggravated by the second accident.
>
> We believe the Deputy Commissioner properly considered these opinions together with the claimant's testimony in concluding that the [June 11, 1994] accident caused her problems.  The Deputy Commissioner gave less evidentiary weight to Dr. Harris's opinion because Dr. Repass examined the claimant and Dr. Harris only reviewed her records.  He also gave considerable evidentiary weight to the "compelling testimony" of the claimant that she did reasonably well after the first accident, returned to work and that her problems "really began" after the second accident.  His finding that the June 1994 accident was an independent intervening event

- 2 -

and the cause of the claimant's problems is supported by the record.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. Repass's opinions, and to reject Dr. Harris's contrary opinions. Dr. Repass's opinions and claimant's testimony constitute credible evidence to support the commission's decision that her need for dental implants and her TMJ problems were causally related to the June 11, 1994 injury by accident. See Dollar General Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996) ("The testimony of a claimant may also be considered in determining causation . . . ."). Moreover, "[t]he fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.