COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


DOLLAR GENERAL STORE, ET AL.

v.          Record No. 0747-95-2          OPINION BY
                                 JUDGE ROSEMARIE ANNUNZIATA
BEATRICE V. CRIDLIN                        MARCH 26, 1996


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                Ralph L. Whitt, Jr. (Jennifer G. Marwitz;
                Sands, Anderson, Marks & Miller, on brief),
                for appellants.

                No brief or argument for appellee.


        Beatrice V. Cridlin ("claimant") filed a claim for benefits
with the Virginia Workers' Compensation Commission alleging an
injury by accident she sustained in March 1994 while working for
Dollar General Store ("employer").  The deputy commissioner
awarded temporary total disability for a one-week period at a
rate of $140.01.  The full commission affirmed.  Employer
appeals, contending the commission erred in its finding that
claimant had sustained an injury by accident arising out of and
in the course of her employment.  Finding no error, we affirm.

                                I.

        On appeal, we construe the evidence in the light most
favorable to the party prevailing below.  R.G. Moore Bldg. Corp.
v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
The commission's findings of fact on the issue of causation will
be upheld if supported by credible evidence.  James v. Capitol

Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989); Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

As an assistant manager for employer, claimant's duties included running the cash register, helping on the floor, and helping with stock. On March 28, 1994, claimant helped unload a delivery truck, removing boxes from a waist-high conveyor belt extending from the truck. The unloading began at approximately 10:00 a.m. and lasted three to four hours, during which time claimant estimated she unloaded close to 1000 boxes. Claimant testified that between 11:30 a.m. and 12:30 p.m., after she had unloaded several hundred boxes, she felt "the muscles pulling in [her] neck" upon lifting a box of ironing boards from the conveyor belt. The box contained four ironing boards, was taller than claimant, and was the heaviest box she had unloaded that day. Although claimant immediately felt the "pull," she did not feel any pain until the following day.

In reports to her treating physicians and supervisor, in her claim for benefits, and in a conversation with the insurer's claims representative, claimant described her injury as occurring while unloading boxes. She did not specifically state that it occurred when she unloaded a box of ironing boards. Claimant's condition was diagnosed by medical personnel at the hospital as an "overuse injury/bursitis right shoulder" and by her physician as a "trapezius strain" and "tendinitis of the right shoulder."

"Injury by accident" is defined, within the context of the Workers' Compensation Act, as "an identifiable incident or sudden precipitating event [that results] in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). By contrast, a gradually incurred injury is not an injury by accident within the meaning of the Act. Middlekauff v. Allstate Ins. Co., 247 Va. 150, 154, 439 S.E.2d 394, 397 (1994). Though an injury by accident must be "`bounded with rigid temporal precision,' . . . [a]n injury need not occur within a specific number of seconds or minutes . . . but instead, must occur within a `reasonably definite time.'" Brown v. Caporaletti, 12 Va. App. 242, 243-44, 402 S.E.2d 709, 710 (1991) (quoting Morris, 238 Va. at 589, 385 S.E.2d at 864).

Employer argues that the commission erred in finding claimant's condition to be an injury by accident. It contends that claimant's testimony that the injury was caused when she unloaded a box of ironing boards is insufficient when weighed against other evidence in the case, which fails to reflect such an event.

Claimant did not report until the hearing that unloading a box of ironing boards caused her injury. The commission weighed that factor and resolved the issue in favor of claimant. We will not substitute our judgment for that of the trier of fact, which had an opportunity to observe the witnesses and evaluate their

credibility. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 382, 363 S.E.2d 433, 437 (1987), appeal after remand, 9 Va. App. 120, 384 S.E.2d 333 (1989).

II.

Next, employer contends that claimant's medical records indicate she suffered from cumulative trauma rather than an identifiable injury. Citing Reserve Life Insurance Co. v. Hosey, 208 Va. 568, 159 S.E.2d 633 (1968), employer argues that the commission violated the well settled rule that it "must look to the medical evidence to ascertain the cause or mechanism of claimant's injury."

Hosey, however, does not support employer's assertion. Although Hosey found causation in that case based on claimant's medical records, id. at 570, 159 S.E.2d at 634-35, the Court's ruling does not support employer's argument that medical evidence is dispositive, or required, to establish causation.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991) (addressing evidence used to establish percentage of incapacity suffered by employee). The testimony of a claimant may also be considered in determining causation, especially where the medical testimony is inconclusive. See Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 281, 348 S.E.2d 876, 878 (1986). As noted in 2B Arthur Larson,

- 4 -

The Law of Workmen's Compensation § 79.51(a) (1995):

> To appraise the true degree of indispensability which should be accorded medical testimony, it is first necessary to dispel the misconception that valid awards can stand only if accompanied by a definite medical diagnosis. True, in many instances it may be impossible to form a judgment on the relation of the employment to the injury, or relation of the injury to the disability, without analyzing in medical terms what the injury or disease is. But this is not invariably so. In appropriate circumstances, awards may be made when medical evidence on these matters is inconclusive, indecisive, fragmentary, inconsistent, or even nonexistent.

Id. (citations omitted).

The commission clearly considered claimant's medical records. It gave the records little weight in its determination of the legal cause of claimant's injury, finding that the treating physicians were primarily interested in treating claimant's condition and not in establishing the cause of the injury. The reports reflect only the results of claimant's physical examinations and do not purport to establish the cause or causes of her injury. See Morris, 3 Va. App. at 282, 348 S.E.2d at 879. Indeed, neither doctor was asked to give an opinion as to the causal relationship between claimant's work and her disability. See id. at 281-82, 348 S.E.2d at 878-79.

In short, the commission was free to credit claimant's testimony at the hearing as a basis for its finding of causation. The fact that contrary evidence may appear in the record "is of no consequence if there is credible evidence to support the

commission's finding." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va.
App. 890, 894, 407 S.E.2d 32, 35 (1991).

III.

Employer next argues that claimant is precluded from
receiving benefits because her injury was expected.  It contends
claimant lifted the box in contravention of her physician's
direction to lift nothing heavy because of her breast cancer
surgery.

An injury by accident must be unexpected to be compensable.
 <u>See</u>, <u>e.g.</u>, <u>Hosey</u>, 208 Va. at 570-71, 159 S.E.2d at 635 (injury
to knee while making door-to-door survey unexpected); <u>Lynchburg</u>
<u>Foundry Co. v. Irvin</u>, 178 Va. 265, 270-71, 16 S.E.2d 646, 648
(1941) (pinching of "safety shoe" causing toe injury unexpected);
<u>Ellis v. City of Norfolk</u>, 68 O.I.C. 47, 52 (1989) (finding injury
expected therefore noncompensable).  However, claimant's injury
cannot be considered an "expected" result of a deviation from the
heavy lifting restriction placed on her activities because of her
breast cancer surgery; her shoulder injury was not one the
restriction was intended to avoid.  <u>Cf.</u> <u>Miller v. Dixon Lumber</u>
<u>Co.</u>, 67 O.I.C. 71, 73 (1988); <u>Bragg v. Buchanan General Hosp.</u>, 59
O.I.C. 30, 32-33 (1980); <u>Dobbins v. Contractors Equip. & Supply</u>
<u>Co.</u>, 58 O.I.C. 104, 106 (1979).

Accordingly, the decision of the commission is affirmed.

<u>Affirmed</u>.