COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

COMMUNITY MEMORIAL HEALTHCENTER
 AND THE VIRGINIA INSURANCE RECIPROCAL
                                          MEMORANDUM OPINION[*]
v.   Record No. 1654-98-2                      PER CURIAM
                                          DECEMBER 8, 1998
PINKIE A. CRUTE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Andrea L. Bailey; Crews & Hancock, on
            briefs), for appellants.

            (Gerald G. Lutkenhaus, on brief), for
            appellee.


    Community Memorial Healthcenter and its insurer (hereinafter referred to as "employer") contend that the Workers' Compensation Commission ("commission") erred in finding that Pinkie A. Crute's ("claimant") cervical disc injury was causally related to her compensable November 20, 1995 injury by accident. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

    On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In ruling that claimant's cervical disc injury was causally related to her compensable injury by accident, the commission found as follows:

> [I]t is significant that the claimant complained of radiating pain into the shoulder joint at the time of that first visit [in July 1996 to Dr. Sukri Vanichkachorn ("Dr. Van")]. Also, she testified to initial symptoms going up into her arm.
>
> . . . Dr. [Anthony] Velo made the affirmative statement that the claimant was being seen for injuries sustained at work and referred to the subject accident. He then referred to the neck complaints, the results of studies, and his treatment plan. Even if this is not interpreted to be a clear opinion on causation, a reasonable implication is that Dr. Velo related the neck complaints to the compensable accident.
>
> \*     \*     \*     \*     \*     \*     \*
>
> [The claimant's] early symptoms were consistent with cervical involvement in that she experienced tingling and swelling going up her arm. Even though Dr. Van's initial medical record does not reference neck pain, it does refer to pain radiating up to the elbow and shoulder joint. When the foregoing symptoms are coupled with Dr. Velo's report of January 2, 1997, there is sufficient evidence to support the Deputy Commissioner's finding of causation between the neck injury and the compensable accident.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401

- 2 -

S.E.2d 213, 215 (1991).  "The testimony of a claimant may also be considered in determining causation, especially where the medical testimony is inconclusive."  Dollar General Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996).

Based upon the medical records of Drs. Vanichkachorn and Velo, coupled with claimant's testimony that she had tingling and swelling going from her fingers to her elbow beginning on July 20, 1995 after the compensable accident, the commission, as fact finder, could reasonably infer that claimant's cervical disc injury was causally related to her compensable injury by accident.  "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Affirmed.