COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia

WELLMORE COAL CORPORATION

v.   Record No. 1922-98-3

DALLAS E. McCLANAHAN

MEMORANDUM OPINION[*] BY
RUDOLPH BUMGARDNER, III
MARCH 16, 1999

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

S. T. Mullins (Street, Street, Street, Scott &
Bowman, on brief), for appellant.

Frederick W. Harman for appellee.

Wellmore Coal Corporation appeals an award of benefits by the Workers' Compensation Commission that reversed a denial of benefits by a deputy commissioner. It contends the commission erred in holding that the current condition was causally related to the earlier industrial accident and in finding sufficient evidence to support the award. Concluding that the commission did not err, we affirm.

On appeal, we construe the evidence in the light most favorable to the party prevailing below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). The commission's findings of fact on the issue of causation will be upheld if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

The claimant suffered a compensable injury in March 1993. By agreement, the commission awarded temporary total disability payments for various periods between April 1993 and June 1996. Throughout 1993, Dr. Jim Brasfield, a neurosurgeon, treated the claimant and was the only medical expert during this entire case. On June 14, 1994, the doctor performed a left L5-S1 partial hemilaminectomy and diskectomy after which the claimant suffered no pain for six to eight months.

The claimant returned to Dr. Brasfield in June 1995 complaining of increasing pain in his back and legs. From then until June 1997 myelograms and CT scans were performed but no herniation was detected. The claimant continued to work but complained that his pain was increasing. A myelogram performed on June 17, 1997 revealed herniation at the L5-S1 level. The radiologist stated "the herniation is new" after comparing it with an earlier myelogram.

In a July 7, 1997 note, Dr. Brasfield stated, "Patient current complaints are related to 3-29-93 injury." Other notes refer to the new herniation as a "recurrent L5 disc herniation." The doctor noted that the claimant gave no history of a specific injury, denied any specific recurrence of work injury or motor vehicle injury and attributed the pain to his original injury. The claimant's testimony corroborated the doctor's recorded history. No evidence indicated that the claimant suffered any subsequent identifiable injury, and the employer presented no such evidence.

In answer to a series of written interrogatories posed by the employer, the doctor answered "yes" to a question asking whether he agreed that it was just as probable the L5 disc rupture was caused by cumulative or specific events at his new employment as attributable to the 1993 work accident. The employer emphasizes this answer when arguing that the commission erred because that evidence makes it just as probable that the earlier accident did not cause the new condition. We conclude that the "just as probable" rule does not control because the evidence was not just susceptible to that interpretation.

The commission held that there was sufficient evidence in the record to prove that the 1993 injury caused the current condition suffered by the claimant. It noted that the claimant's symptoms were in the same locations as the symptoms from the original injury, that his symptoms persisted to the present, and that he remained under the same doctor's treatment since 1993. Further, it noted the commission had awarded the claimant temporary total disability awards through June 16, 1996, thereby establishing the causal relationship at least through that date.

The commission considered the employer's reliance on Dr. Brasfield's affirmative response to the question of whether it was just as probable that claimant's injury was caused by something other than the 1993 accident. However, it found the doctor's admission unpersuasive when compared to the opinions stated in his office notes. "[W]e find Dr. Brasfield's opinions as stated in his office notes more persuasive than his answers to

the employer's questionnaire." The commission considered significant his answer to the preceding question in that questionnaire. The doctor had written a full explanation and had not simply answered "yes" or "no."

We will not substitute our judgment for that of the trier of fact, which had an opportunity to observe the witnesses and evaluate their credibility. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 382, 363 S.E.2d 433, 437 (1987), appeal after remand, 9 Va. App. 120, 384 S.E.2d 333 (1989). "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). See 2B Arthur Larson, The Law of Workmen's Compensation § 79.51(a) (1995) (awards may be made when medical evidence is inconsistent).

The fact that contrary evidence may appear in the record "is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). The claimant's testimony that there was no other source of injury may be considered to determine causation. See Dollar General Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996).

The employer presented no evidence of an intervening cause including injury or accident while claimant worked elsewhere. Nor did it present any medical evidence to challenge Dr. Brasfield's opinion that the current condition was causally

- 4 -

related to the industrial accident.  Mere possibility alone that there was an intervening injury is insufficient to rebut claimant's proof.  Cf. Eccon Company v. Lucas, 221 Va. 786, 791, 273 S.E.2d 797, 799 (1981) ("possibility is not enough" when proving causation).  Dr. Brasfield's notes, reports, and testimony are sufficient to establish a causal connection between the claimant's current problem and the prior injury.

Accordingly, we affirm the commission's finding that the claimant proved causation between his current problem and his earlier injury.

Affirmed.