COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Frank, Huff and Senior Judge Haley

BEVERLY K. PETTS

                                                                MEMORANDUM OPINION[*]
v.      Record No. 1539-13-2                                    PER CURIAM
                                                                MARCH 11, 2014
WESTERN STATE HOSPITAL/
  COMMONWEALTH OF VIRGINIA

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Beverly Petts, *pro se*, on brief).

(Kenneth T. Cuccinelli, II, Atttorney General; Wesley G. Russell, Jr.,
Deputy Attorney General; Peter R. Messitt, Senior Assistant
Attorney General; Scott John Fitzgerald, Senior Assistant Attorney
General, on brief), for appellee.

Beverly Petts (claimant) appeals from a July 29, 2013 decision of the Workers'

Compensation Commission denying her claim in which she sought to expand the scope of her

initial injuries to include her head and her entire spine.  On appeal, claimant complains she was

not afforded a fair hearing before the deputy commissioner.  Specifically, she appears to allege

she was not provided an opportunity to supplement the record after the hearing, that her

supplemental materials were not considered by the deputy commissioner, and that certain

evidence was not made available to her in a timely manner.  She also appears to assert she

received ineffective assistance of counsel.  Finally, claimant argues the commission erred by

denying her claim to expand the scope of her compensable injuries.  Upon reviewing the record

and the parties' briefs, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The full commission found claimant's allegations "that she did not have fair representation and that she was unjustly denied a continuance on June 27, 2012 are without merit." The commission noted claimant was provided the opportunity for a continuance immediately prior to the hearing and that the hearing supplied "sufficient time for a full review of her claims." The commission concluded claimant was able to fully present evidence and that the deputy commissioner "did not abuse his discretion by declining to consider additional evidence submitted by claimant after the record closed."

Furthermore, ample evidence in the record supports the commission's conclusion that claimant's complaints were not related to her compensable injury. The commission specifically found that there was no "opinion from a medical professional supporting causation" and concluded "claimant failed to meet her burden of proving that she suffered any head or spine injuries on May 7, 2009."

"Causation of a medical condition may be proved by either direct or circumstantial evidence, including medical evidence or 'the testimony of a claimant.'" Farmington Country Club v. Marshall, 47 Va. App. 15, 26, 622 S.E.2d 233, 239 (2005) (quoting Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996)). "The commission's determination regarding causation is a finding of fact." Id. (citing Marcus v. Arlington County Bd. of Supers., 15 Va. App. 544, 551, 425 S.E.2d 525, 530 (1993)). "Thus, unless we can say as a matter of law that claimant failed to sustain her burden of proving causation, the commission's findings are binding and conclusive upon us." Id. at 27, 622 S.E.2d at 239 (citing Marcus, 15 Va. App. at 551, 425 S.E.2d at 530).

We have reviewed the record and the commission's opinion and find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the commission in its final opinion. See Petts v. Western State Hosp., JCN VA00000089681 (July 29, 2013). We dispense

with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.