PRESENT:  All the Justices

PATRICIA KOHN, ADMINISTRATOR
OF THE ESTATE OF JOHN KOHN,
DECEASED

                                         OPINION BY
v.  Record No. 131162          JUSTICE S. BERNARD GOODWYN
                                      September 12, 2014
BRUCE P. MARQUIS, ET AL.

         FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Mary Jane Hall, Judge

     In this appeal, we consider whether the circuit court

erred in granting summary judgment to the defendants on a plea

in bar which asserts that the plaintiff's action is barred by

the Virginia Workers' Compensation Act.

                          Background

     Patricia Kohn (Kohn), the wife of John Kohn (John), is

the administrator of her husband's estate.  In a wrongful

death complaint filed in the Circuit Court of the City of

Norfolk, Kohn asserted that John died as the result of

multiple blows to the head inflicted between September 20,

2010 and December 9, 2010, during his training to become a

City of Norfolk police officer.  She alleged that the simple

and gross negligence of Norfolk Police Department Chief Bruce

P. Marquis and Senior Assistant Chief Sharon Chamberlin, as

well as the gross and willful conduct of Leldon Sapp, Stephen

Bailey, L.L. Tessier and Michael Reardon, who were Norfolk

Police officers and instructors at the Norfolk Police Academy,

caused John's death (all defendants will be collectively referred to as "the City").

The City filed a plea in bar alleging that Kohn's exclusive remedy is under the Virginia Workers' Compensation Act, Code § 65.2-100 et seq. (Act). Kohn requested a jury trial on the plea in bar, and the circuit court granted Kohn's request. However, before the trial on the plea in bar, the City moved for summary judgment on its plea based upon Kohn's pleadings and her responses to requests for admissions and interrogatories. After a hearing, the circuit court granted the City's motion for summary judgment on the plea in bar and dismissed the case with prejudice. Kohn appeals.

## Facts

John started training at the Norfolk Police Academy as a recruit on September 20, 2010. According to Kohn's complaint, at various times between September 20, 2010 and December 9, 2010, John was repeatedly and violently struck in the head during training. She asserts that these repeated violent blows to the head proximately caused John's death on December 18, 2010.

The following undisputed facts were established by Kohn's responses to the City's requests for admissions, pleadings filed, and arguments made to the circuit court. Between September 20, 2010 and December 9, 2010, John was a police

2

recruit undergoing training at the Norfolk Police Academy. During his tenure at the Police Academy, John was a paid employee of the City of Norfolk, as were the individual defendants.

Kohn admits that she is not aware of John's seeking medical treatment for injuries experienced during his training as a police recruit prior to December 9, 2010. On December 9, 2010, John experienced several blows to his head while participating in training exercises at the Norfolk Police Academy. He was involved in a head-to-head collision with another recruit, and he suffered several blows to his head while engaged in a defensive training exercise with Officer Sapp. John began demonstrating serious neurological deficits during the training exercises and was transported to Sentara Leigh Hospital. Medical records indicate John collapsed at the Police Academy. In a brief to the circuit court, Kohn stated the facts upon which she relied more succinctly:

> [O]n December 9, 2010 Officer Leldon Sapp repeatedly struck Plaintiff's decedent in the head with his fists to the point where Plaintiff's decedent was no longer able to defend himself from Officer Sapp. At this point, Officer Sapp suspended his attack and shortly thereafter Mr. Kohn was transported to Sentara Leigh Hospital and then to Sentara Norfolk General Hospital.

Upon evaluation at Sentara Leigh Hospital, John was documented to have a Glasgow coma scale of 3 upon arrival.

A CT scan was reported to show bilateral subdural hematomas with midline shift.  On December 18, 2010, John died of trauma to the head.

Kohn contends that during his entire tenure at the Norfolk Police Academy, John suffered numerous blows to his head, all of which contributed to his death on December 18, 2010.  In her opposition to the plea in bar and to summary judgment on the plea, Kohn referred the circuit court to an autopsy report which states that blows to John's head on December 9, 2010 "may have played a significant role in Mr. Kohn's terminal event but other blows to the head prior to this event cannot be excluded as contributing to his terminal head injury."

This Court granted an appeal on the following assignment of error:

> The trial court erroneously granted summary judgment despite the existence of a disputed material fact in the case.  Specifically, the question whether the death resulted from injury by accident presented a jury issue, and the trial court violated the widow's constitutional right to trial by jury by granting summary judgment.

## Analysis

"If it appears from the pleadings, the orders, if any, made at a pretrial conference, [and] the admissions, if any, in the proceedings . . . that the moving party is entitled to judgment, the court shall enter judgment in that party's

4

favor." Rule 3:20. A party does not have a constitutional right to a jury trial if a case can be determined as a matter of law based upon material facts not genuinely in dispute. See W.S. Forbes & Co. v. Southern Cotton Oil Co., 130 Va. 245, 254-55, 108 S.E. 15, 18-19 (1921) (noting that the Seventh Amendment of the United States Constitution is not applicable to the states, and upholding summary disposition without trial under Article I, § 11 of the Constitution of Virginia where the controlling facts are not in dispute). However, summary judgment may not be entered if any material fact is genuinely in dispute. Kasco Mills, Inc. v. Ferebee, 197 Va. 589, 593, 90 S.E.2d 866, 870 (1956). In an appeal arising from the grant of a motion for summary judgment, appellate courts will review the application of law to undisputed facts de novo. See Transportation Ins. Co. v. Womack, 284 Va. 563, 567, 733 S.E.2d 656, 658 (2012).

In this instance, the circuit court granted the City summary judgment on its plea in bar based upon the exclusivity provision of the Act. Pursuant to the Act, an injured employee and his beneficiaries are precluded from maintaining a common law action against an employer or a co-employee for an injury sustained in the course of employment if the Act applies. Code § 65.2-307(A); see also Hudson v. Jarrett, 269 Va. 24, 29, 606 S.E.2d 827, 829 (2005).

The Act applies to injuries by accident "arising out of and in the course of" an individual's employment. Code § 65.2-300(A). An injury by accident is "an identifiable incident that occurs at some reasonably definite time, which is the cause of an obvious sudden mechanical or structural change in the body." Lane Co. v. Saunders, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985) (internal quotation marks omitted). To establish an "injury by accident," a claimant must prove "(1) that the injury appeared suddenly at a particular time and place and upon a particular occasion, (2) that it was caused by an identifiable incident or sudden precipitating event, and (3) that it resulted in an obvious mechanical or structural change in the human body." Southern Express v. Green, 257 Va. 181, 187, 509 S.E.2d 836, 839 (1999).

Kohn's complaint alleges that John was an employee of the City of Norfolk's Police Department who was injured by and died because of numerous blows to his head during his training. It is not disputed that his injury and death arose out of and in the course of his employment or that the defendants were his co-employees.

Additionally, it is admitted that John received several blows to the head and was injured during training on December 9, 2010. The parties agree that John suffered neurological deficits as a result of those blows and was taken to the

6

hospital. Thus, there is no dispute that John suffered an injury by accident on December 9, 2010.

Kohn contends that John's death was caused not just by the injury that occurred on December 9, 2010, which contributed to it, but also as the result of other blows to the head John received earlier in his training. In other words, she asserts that John's death resulted from a series of head traumas over a period of time, rather than from a single identifiable event. She contends that John's death is therefore not compensable under the Act.

Kohn asserts that the circuit court erred in granting summary judgment because there is a material question of fact regarding whether John's death was caused by a single identifiable trauma or a series of traumas suffered over the course of his training. Citing Dollar General Store v. Cridlin, 22 Va. App. 171, 175, 468 S.E.2d 152, 154 (1996), she posits that if John's death was caused by a series of traumas rather than solely by one event it is "a gradually incurred injury [and] not an injury by accident within the meaning of the [Workers' Compensation] Act." Id. She notes that injuries that result from repetitive traumas are not "injuries by accident." Southern Express, 257 Va. at 186, 509 S.E.2d at 839.

7

The City argues that John suffered an injury by accident on December 9, 2010, which was a proximate cause of his death. The City asserts that, whether or not John had preexisting conditions and injuries, his undisputed injury by accident on December 9, 2010, which Kohn alleges contributed to his death, entitles John to workers' compensation benefits and bars this action.

We agree with the City. This case significantly differs from the gradually incurred injury and repetitive trauma cases referenced by Kohn in that John suffered an obvious mechanical or structural change in his body while engaged in a work activity which exposed him to an employment-related hazard that injured him and contributed to his death.

In Byrd v. Stonega Coke & Coal Co., 182 Va. 212, 216, 28 S.E.2d 725, 727 (1944), this Court stated that "if the injury or death results from, or is hastened by, conditions of employment exposing the employee to hazards to a degree beyond that of the public at large, the injury or death is construed to be accidental within the meaning of the statute." In the present case, John collapsed at work after the last blow to his head on December 9, 2010, and was rushed to the hospital. He died several days later. It is undisputed that John was injured on December 9, 2010 during training. Kohn's complaint itself contends that John's injuries on December 9, 2010

8

contributed to his death. The training on December 9, 2010 was a condition of employment that exposed John to the hazard of blows to the head beyond that of the public at large, and the injury John suffered during training on December 9, 2010 was a proximate cause of his death. Thus, his death is properly construed as accidental within the meaning of the Act.

## Conclusion

Accordingly, the circuit court did not err in granting summary judgment on the plea in bar, and the circuit court did not err in holding that the exclusivity provision of the Act, Code § 65.2-307(A), bars this action. As a result, we will affirm the judgment of the circuit court.

<u>Affirmed.</u>