UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Malveaux and Senior Judge Annunziata
Argued at Norfolk, Virginia

DAVID DAGGETT

v.        Record No. 0517-18-1

MEMORANDUM OPINION* BY
JUDGE MARY BENNETT MALVEAUX
SEPTEMBER 25, 2018

OLD DOMINION UNIVERSITY/
  COMMONWEALTH OF VIRGINIA

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Gregory E. Camden (Montagna Klein Camden, LLP, on briefs), for
> appellant.
>
> Scott John Fitzgerald, Senior Assistant Attorney General (Mark R.
> Herring, Attorney General; Samuel T. Towell, Deputy Attorney
> General; Tara Lynn R. Zurawski, Section Chief, on brief), for
> appellee.

David Daggett ("claimant") appeals a decision of the Virginia Workers' Compensation

Commission ("the Commission").  He argues the Commission erred in finding that he failed to

prove he suffered a compensable injury by accident to his left and right shoulders.  For the

following reasons, we affirm the Commission's decision.

I.  BACKGROUND

"On appeal from a decision of the . . . Commission, the evidence and all reasonable

inferences that may be drawn from that evidence are viewed in the light most favorable to the

party prevailing below." Anderson v. Anderson, 65 Va. App. 354, 361, 778 S.E.2d 132, 135-36

(2015) (quoting Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517

(2005) (en banc)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In March 2017, claimant was employed by Old Dominion University ("employer") as a technical support provider. At work on March 21, 2017, he moved a series of fourteen "smart boards" for inventory control purposes. Each board measured approximately four-by-six or four-by-eight feet, weighed between twenty-eight and forty-eight pounds, and had to be moved twice. To perform this work, claimant grabbed each board by its sides, picked it up, rotated the board by lifting it "up and over," and placed it on the other side of the room. After recording the serial number on the back of the board, claimant returned it to its original location. Claimant summarized his activity by stating that "I had to rotate them and then I had to rotate them back."

During this work, claimant's arms were sore and his shoulders were "burning," especially his left shoulder. Claimant had not previously experienced these sensations. Although he could not specify exactly when the burning and soreness began,[1] by the time claimant finished moving the boards, he was "hurting." When later asked what he thought had caused his injury, claimant stated, "if I had to guess, it would be repetitive movement."

On April 3, 2017, claimant filed an accident/injury report with employer. In that report, claimant stated that his left shoulder was tender and that he could not lift his arm without pain. He further stated that "I was moving smart boards . . . . I was sore and assumed I overworked my shoulder muscle." Since then, "[m]oving things around has made my shoulder worse." Claimant later stated that although he initially reported only a left shoulder injury, "both sides were affecting me, but the left was really bad."

The following day, claimant sought medical treatment for his symptoms and was referred to an orthopedist. On April 17, 2017, claimant filed a claim for benefits alleging an injury to his left shoulder. He later amended his claim to include a right shoulder injury.

---

[1] Before the deputy commissioner, claimant testified variously that "it was pretty much immediately," "I can't say, it was in the middle of it," "[i]t was probably more towards the end," and "I can't specify exactly when."

Dr. Arthur Wardell, an orthopedist, examined claimant on May 24, 2017. He diagnosed a torn rotator cuff in each shoulder and prescribed physical therapy. Dr. Wardell also specified that claimant should be subject to work restrictions. The following week, claimant received physical therapy. The treatment record for that visit states that claimant was "moving + rotating boards ~ 20 lbs each multiple times in one day."

The deputy commissioner found that claimant had suffered a compensable injury by accident to both shoulders and awarded claimant medical benefits. On appeal, a divided Commission reversed the deputy commissioner's decision. The majority found that claimant had failed to prove he suffered a compensable injury by accident because he did not prove that his shoulder injuries resulted from an identifiable incident or sudden precipitating event. Instead, the preponderance of the evidence indicated that claimant's injuries "occurred gradually over a period of time." The majority noted that "claimant was engaged in movements of a repetitive nature" in lifting and turning smart boards and was unable "to identify a particular movement or action that resulted in the onset of his symptoms." Further, claimant was "unable to recall specifically when his symptoms began during the period [when] he was moving the smart boards."

The majority also distinguished the claim before it from the claims in both Riverside Reg'l Jail Auth. v. Dugger, 68 Va. App. 32, 802 S.E.2d 184 (2017), and Van Buren v. Augusta Cty., 66 Va. App. 441, 787 S.E.2d 532 (2016), cases in which this Court held that the claimants were not required to pinpoint the exact moment of their injuries. The majority noted that in those cases, this Court specifically found that the claimants were not engaged in repetitive activities or movements. The majority concluded that the claim before it was instead controlled by Morris v. Morris, 238 Va. 578, 385 S.E.2d 858 (1989), because claimant's "repetitive activity [was] very similar to the claimants' activities in Morris." In Morris, the majority noted, the Supreme Court

held that the claimants failed to prove identifiable incidents or sudden precipitating events, while also holding that injuries are not compensable when they result from repetitive trauma or cumulative events, or occur at an unknown time. Claimant appealed the Commission's decision.

## II. ANALYSIS

Claimant argues the Commission erred in finding that he failed to prove that he suffered a compensable injury by accident to his left and right shoulders.

As the appellant in this case, claimant has the burden of demonstrating that reversible error was committed by the Commission. Burke v. Catawba Hosp., 59 Va. App. 828, 838, 722 S.E.2d 684, 689 (2012). "The [C]ommission's determination of whether a claimant suffered 'an "injury by accident" presents a mixed question of law and fact, because it involves both factual findings and the application of law to those facts. The Commission's factual findings bind us as long as credible evidence supports them.'" Dugger, 68 Va. App. at 37, 802 S.E.2d at 187 (quoting Van Buren, 66 Va. App. at 446, 787 S.E.2d at 534). This principle applies "even [if] there is evidence in the record to support a contrary finding." City of Waynesboro v. Griffin, 51 Va. App. 308, 317, 657 S.E.2d 782, 786 (2008) (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986)). However, "whether those facts prove the claimant suffered an 'injury by accident' is a question of law." Dugger, 68 Va. App. at 37, 802 S.E.2d at 187 (quoting Van Buren, 66 Va. App. at 446, 787 S.E.2d at 534). "Therefore, we review that portion of the Commission's decision *de novo*." Van Buren, 66 Va. App. at 446, 787 S.E.2d at 534.

Code § 65.2-101 limits injuries compensable under the Virginia Workers' Compensation Act ("the Act") to "injur[ies] by accident arising out of and in the course of the [claimant's] employment." To prove such a compensable injury by accident, "a claimant must prove: '(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden

- 4 -

mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change.'" Dugger, 68 Va. App. at 38, 802 S.E.2d at 187 (quoting Hoffman v. Carter, 50 Va. App. 199, 212, 648 S.E.2d 318, 325 (2007)).  Thus, to recover under the Act, a claimant must demonstrate "an identifiable incident or sudden precipitating event [that results] in an obvious sudden mechanical or structural change in the body."  Hoffman, 50 Va. App. at 212-13, 648 S.E.2d at 325 (alteration in original) (quoting Morris, 238 Va. at 589, 395 S.E.2d at 865).  Consequently, "a gradually incurred injury is not an injury by accident within the meaning of the Act," id. at 213, 648 S.E.2d at 325 (quoting Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 175, 468 S.E.2d 152, 154 (1996)), so that "injuries resulting from repetitive trauma, continuing mental or physical stress, or other cumulative events, as well as injuries sustained at an unknown time, are not 'injuries by accident,'" Dugger, 68 Va. App. at 38, 802 S.E.2d at 187 (quoting Morris, 238 Va. at 589, 385 S.E.2d at 865).

Claimant argues the Commission erred because the facts prove that he was not engaged in repetitive activity, but instead in a variety of activities that involved lifting, holding, and rotating smart boards during a "particular piece of work."[2]  He contends that the circumstances that gave rise to his injuries are factually indistinguishable from those in Dugger and Van Buren and that like the claimants in those cases, he should have been awarded benefits.  Thus, claimant maintains, the Commission "relie[d] upon the improper standard" when it found that Morris, rather than Dugger and Van Buren, controls the outcome of this case.

---

[2] Claimant also argues that he engaged in the injurious activity of moving smart boards over a short period of time, rather than over a lengthy or indeterminate period.  He contends his injuries occurred within a sufficiently defined time period to be compensable under this Court's holdings in Dugger and Van Buren.  Since we conclude that claimant's injuries were not compensable because they were caused by repetitive activity, we do not reach claimant's temporal argument.  See Podracky v. Commonwealth, 52 Va. App. 130, 134, 662 S.E.2d 81, 84 (2009) ("[A]n appellate court decides cases 'on the best and narrowest grounds available.'" (quoting Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006))).

We are not persuaded by claimant's argument. The Commission found that on March 21, 2017, claimant engaged in repetitive movements, could not recall specifically when his symptoms began while he was moving the smart boards, and was unable to identify a particular movement or action that caused the onset of his symptoms. Those findings are supported by credible evidence in the record. Claimant described repeating the same combination of movements to rotate and move each of fourteen smart boards to the other side of a room, and then to rotate and move each board back. He also informed his physical therapist that he moved and rotated the boards multiple times. With respect to his symptoms, claimant could only say that he had not previously experienced them, they developed sometime while he was moving and rotating the boards, and he was "hurting" by the time he was done. Further, rather than a particular movement or action, claimant attributed the onset of his symptoms to his repetitive movements when moving the smart boards. See Hoffman, 50 Va. App. at 214-15, 648 S.E.2d at 326 ("The testimony of a claimant may [] be considered in determining causation . . . ." (alteration in original) (quoting Cridlin, 22 Va. App. at 176, 468 S.E.2d at 154)). Because the Commission's factual findings on these matters are supported by credible evidence in the record, they are binding on this Court. In turn, we hold that they are sufficient to support the Commission's ultimate finding: that claimant failed to prove his injuries resulted from an identifiable incident or sudden precipitating event and thus failed to prove he suffered a compensable injury by accident under the Act.

Further, claimant's reliance upon Van Buren and Dugger is misplaced. In Van Buren, this Court specifically noted that the firefighter claimant was not engaged in repetitive activity and distinguished Morris on that basis. Van Buren, 66 Va. App. at 452, 787 S.E.2d at 537. The Court concluded that "unlike the claimants in Morris, . . . [the claimant], by contrast, was engaged in a variety of actions that involved lifting, holding, twisting, pulling, pushing,

- 6 -

grabbing, and bending." Id. Here, the Commission found that in contrast to the claimant in Van Buren, claimant was engaged in repetitive activity. That finding necessarily entailed the conclusion that while claimant's work activity in moving each smart board may have involved several discrete movements, those movements were repeated each time claimant undertook a particular piece of such work—i.e., each time he moved and then replaced one of the fourteen boards. Consequently, the Commission concluded that claimant's activities were sufficiently distinguishable from the widely varied and non-repetitive activities engaged in by the claimant in Van Buren. We agree that Van Buren is factually distinguishable from the instant case and does not support claimant's argument that he suffered a compensable injury by accident arising from non-repetitive activity.

Dugger is likewise distinguishable. In that case, this Court specifically concluded that, as in Van Buren, the claimant was not engaged in repetitive activity when she was injured during training in defensive tactics. Dugger, 68 Va. App. at 41-42, 802 S.E.2d at 189. The Court noted that "'simulated fights' . . . logically involved a variety of movements," and are "not inherently repetitive any more than would be the actions of a person defending himself in a [real] fight." Id. Such exercises were "more similar to [the activities] in Van Buren," because they "logically require[d] pushing, grabbing, bending, and similar motions." Id. at 42, 802 S.E.2d at 189. As with Van Buren, we conclude that the Commission correctly distinguished the claimant's activities in Dugger from claimant's activities in the instant case, which were repetitive.

Contrary to claimant's argument, the Commission did not err in distinguishing Van Buren and Dugger from the instant case and determining that rather than those cases, Morris controls. In that consolidated case, the Supreme Court vacated awards of compensation to each of three claimants. Morris, 238 Va. at 589, 385 S.E.2d at 865. The Court held that none of the claimants had proved that his injury was caused by an identifiable incident or sudden

precipitating event, resulting in an obvious sudden mechanical or structural change in the body. Id. The first claimant suffered a heart attack shortly after loading cartons of fiberglass into a pickup truck; each of the ninety-six cartons weighed approximately fifty pounds and had to be lifted from a loading dock and lowered into the truck. Id. at 581, 385 S.E.2d at 860. The second claimant suffered a back injury after delivering seven steel garage doors to a commercial construction site and unloading each door with a co-worker. Id. at 582, 385 S.E.2d at 860. The third claimant suffered a heart attack while he was installing ceiling panels; each panel weighed thirty to thirty-five pounds and had to be held over the claimant's head while he secured it with a drill and screw gun. Id. at 583, 385 S.E.2d at 861. Although the Court did not directly characterize the nature of the activities engaged in by the claimants, its ruling makes clear that it concluded that they involved "repetitive trauma, continuing mental or physical stress, or other cumulative events" that produced "gradually incurred injuries," which were "not 'injuries by accident' within the meaning of [the Act]." Id. at 588, 589, 385 S.E.2d at 864, 865. Here, the Commission found that claimant's repetitive activity was very similar to the claimants' activities in Morris, and we agree. Thus, the Commission did not apply "the improper standard" when it held that Morris controls in the instant case, rather than Van Buren or Dugger.

### III.  CONCLUSION

The record supports the Commission's finding that claimant failed to prove his injuries resulted from an identifiable incident or sudden precipitating event. Consequently, we affirm the Commission's decision because claimant failed to prove he suffered a compensable injury by accident to his left and right shoulders.

Affirmed.