COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Raphael and White

VIRGINIA COMMONWEALTH UNIVERSITY/
 COMMONWEALTH OF VIRGINIA

                                     MEMORANDUM OPINION*
v.       Record No. 1859-23-2                     PER CURIAM
                                     AUGUST 20, 2024

SABRINA MILLER

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Jason S. Miyares, Attorney General; Steven G. Popps, Deputy
Attorney General; Jacqueline C. Hedblom, Trial Section Chief;
Adam L. Katz, Senior Assistant Attorney General, on briefs), for
appellant.

(Adam J. Dourafei; Lauren Carroll; Commonwealth Law Group, on
brief), for appellee.

Virginia Commonwealth University/Commonwealth of Virginia ("VCU") appeal Sabrina

Miller's medical-benefits award for her mental-health treatment following a workplace accident.

VCU argues that the Workers' Compensation Commission erred in finding sufficient evidence

that the accident caused Miller's need for mental-health treatment because there was "no medical

evidence" to prove causation. We affirm, finding oral argument to be unnecessary because "the

dispositive issue . . . ha[s] been authoritatively decided" and VCU "has not argued that the case

law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule

5A:27(b). Miller's testimony, combined with the medical evidence, sufficed to prove causation.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

We view the evidence "in the light most favorable to [Miller,] the party prevailing below." *Anderson v. Anderson*, 65 Va. App. 354, 361 (2015) (quoting *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 83 (2005) (en banc)). We draw all reasonable inferences in Miller's favor. *Id.*

On December 6, 2017, Miller was injured in an accident while working for VCU.[1] The injury caused pain in Miller's back and neck that radiated to her arm as well as to her hand and face. Surgery alleviated some of her radiating pain, but she continued to experience significant pain in her back and neck. Miller underwent various treatments, including physical therapy, nerve blocking, and medications, but the pain persisted. The pain deterred her from participating in activities for fear it would worsen.

Miller had not needed any mental-health treatment before the accident. But when the pain treatments failed and Miller lost her job, her mental health deteriorated. She "thought [she] was okay with the pain, but [she] wasn't." Miller shared her symptoms with her physician, Dr. William Moore. In September 2021, Dr. Moore diagnosed Miller with unspecified depression. He referred Miller for mental-health treatment to Laurie Klatt, a licensed clinical social worker. After Miller's first appointment, Klatt documented that Miller suffered from depressed mood, anxiety, crying spells, sleep and appetite disturbance, and lack of energy. Klatt found that Miller's stressors included chronic pain, losing her job after the accident, a history of trauma, and the COVID pandemic. Records from Miller's follow-up appointments continued to relate Miller's anxiety and depression to her chronic pain and the loss of her job. One record

---

[1] The record does not reveal the nature of the accident, but VCU does not dispute that Miller's injuries were caused by a work-related accident.

noted that Miller "feels that the chronic pain and the limitations it presents affect[] her mood the most." Klatt related Miller's anxiety and depression to her accident at VCU.

Miller filed a workers' compensation claim for her mental-health treatment. The deputy commissioner rejected the claim after finding that Miller lacked "competent medical evidence" to establish that the workplace accident caused her anxiety and depression. The deputy commissioner concluded that Klatt's opinions could not be considered because they were not ratified by Dr. Moore.

The Commission reversed. Although the Commission agreed that Dr. Moore had not ratified Klatt's opinion, that was not "dispositive." The Commission found that Miller's testimony, combined with the medical evidence of her psychological symptoms and treatment, sufficed to show that Miller's accident caused her anxiety and depression.[2] The Commission awarded Miller medical benefits for her mental-health treatment. VCU noted a timely appeal.

ANALYSIS

The Commission's decisions are "conclusive and binding as to all questions of fact." Code § 65.2-706(A). Thus, "we do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses." *Jeffreys v. Uninsured Emp's Fund*, 297 Va. 82, 87 (2019) (quoting *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411 (1983)). Instead, "we are bound by the [C]ommission's findings of fact as long as 'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding." *Artis*, 45 Va. App. at 83-84 (quoting *Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 222 (1988)). "The [C]ommission's determination regarding causation is a finding of fact." *City of Newport*

---

[2] Commissioner Rapaport dissented, concluding that the causal evidence was not sufficient. Commissioner Marshall wrote a concurring opinion noting that the Commission's "treatment of this issue has been divided, inconsistent, and unpredictable."

*News v. Kahikina*, 71 Va. App. 536, 545 (2020) (alteration in original) (quoting *Farmington Country Club, Inc. v. Marshall*, 47 Va. App. 15, 26 (2005)).

VCU argues that the Commission could not rely on Klatt's opinions because they were not ratified in Dr. Moore's treatment records. VCU also asserts that Miller's testimony alone cannot establish causation. To VCU, the totality of the evidence failed to show that Miller's workplace accident caused her anxiety and depression.

We disagree. Even if Klatt's causation opinion were alone insufficient because it was not ratified by Moore,[3] Miller's testimony under the facts presented here adequately showed that the accident caused her anxiety and depression. Thus, the record as a whole supports the Commission's finding that the accident caused Miller's mental-health conditions and need for treatment.

Miller testified that her chronic pain did not respond to medical treatment, making her afraid to engage in activities. As a result, her mental health suffered. She initially tried to convince herself that she was "okay" despite the pain, but she eventually had to admit to herself and her doctors that she was suffering. Dr. Moore diagnosed her with depression and referred her to Klatt for mental-health treatment. Miller testified that, before the accident, she did not have mental-health symptoms and did not require any mental-health treatment. Klatt documented Miller's repeated reports that she could not endure her chronic pain. Miller's testimony, together with the medical reports, support the Commission's conclusion that Miller's work-related injury caused her chronic pain, which caused her decline in mental health and her need for mental-health treatment.

---

[3] The Commission has held that the medical opinions of licensed clinical social workers are not accepted evidence "except to the extent such opinions may be ratified and incorporated in the medical reports of licensed physicians as their own opinions." *Rother v. Prince William Cnty. Sch. Bd.*, VWC File No. 230-67-74, slip op. at 6 (Dec. 15, 2008); *see also Fairfax Cnty. Sch. Bd. v. Fish*, No. 1159-02-4, 2002 Va. App. LEXIS 684, at *12 n.1 (Va. Ct. App. Nov. 19, 2002) (assuming without deciding that this interpretation of the law by the Commission is accurate).

VCU resists this conclusion, arguing that because there are no objective tests to determine mental-health symptoms or injuries, a claimant's testimony cannot establish causation. But the claimant's testimony is not rendered irrelevant because laboratory tests cannot conclusively establish a mental-health injury or measure its severity. We have made clear that a claimant's testimony under the circumstances of a particular case can suffice to prove causation. *See Farmington Country Club*, 47 Va. App. at 26 ("Causation of a medical condition may be proved by either direct or circumstantial evidence, including medical evidence or 'the testimony of a claimant.'" (quoting *Dollar Gen. Store v. Cridlin*, 22 Va. App. 171, 176 (1996))). This is such a case.

Relying on *Summers v. Syptak*, 293 Va. 606 (2017), VCU argues that Miller's testimony did not prove causation because it showed only that her mental-health symptoms arose after her accident. In *Summers*, our Supreme Court found that a plaintiff could not prevail on her medical-malpractice claim because she lacked expert testimony on causation and her testimony established only that she "suffer[ed] a deterioration of several preexisting conditions after seeing a physician." *Id.* at 615.

*Summers* is not controlling here because the legal standards are different. A plaintiff in a medical-malpractice action generally must present expert testimony to establish "the appropriate standard of care, a deviation from that standard, and that such deviation was the proximate cause of damages." *Mayr v. Osborne*, 293 Va. 74, 82 (2017) (quoting *Beverly Enters.-Va., Inc. v. Nichols*, 247 Va. 264, 267 (1994)). In a workers' compensation case, by contrast, "[a] finding of causation need not be based exclusively on medical evidence, and [Miller was] not required to produce a physician's medical opinion in order to establish causation." *Farmington Country Club*, 47 Va. App. at 26 (citing *Dollar Gen. Store*, 22 Va. App. at 176-77). "Causation of a medical condition may be proved by either direct or circumstantial evidence, including medical evidence

or '*the testimony of a claimant*.'" *Id.* (emphasis added) (quoting *Dollar Gen. Store*, 22 Va. App. at 176). Miller's testimony here sufficed under the circumstances. She testified not just that she experienced anxiety and depression for the first time after the accident, but she showed how the chronic pain she experienced because of her work injuries led to her depression and her need for mental-health treatment. And that testimony was corroborated by the records from her health-care providers. Thus, the Commission acted within its discretion to find that Miller's work-related injury caused her need for mental-health treatment.

CONCLUSION

In sum, we find no basis to disturb the Commission's award because there was credible evidence presented to support the Commission's conclusion that Miller's workplace accident caused her anxiety and depression.

*Affirmed.*