COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Causey, Chaney and White

INOVA ALEXANDRIA HOSPITAL, ET AL.

                                              MEMORANDUM OPINION[*]
v.      Record No. 1837-24-2                      PER CURIAM
                                              MARCH 24, 2026

COURTNEY SANTORA

FROM THE VIRIGNIA WORKERS' COMPENSATION COMMISSION

(Nirav Patel; Franklin & Prokopik, P.C., on brief), for appellants.

(Corey R. Pollard; Jenkins, Block, & Associates P.C., on brief), for appellee.

Inova Alexandria Hospital and Inova Health System Foundation (collectively, "Inova") appeal the Workers' Compensation Commission's award to Courtney Santora. The award compensates Santora for the PTSD and major depressive disorder that she incurred arising from her employment as a nurse during the early days of the COVID-19 pandemic. Inova argues that the Commission erred in finding that Santora's diagnosed conditions are compensable ordinary diseases of life arising out of her employment. Finding no error, we affirm the Commission's judgment.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

BACKGROUND[2]

Santora worked as a registered nurse in a postoperative surgical unit for general surgeries and orthopedics at Inova Alexandria Hospital. When the pandemic began, her unit was converted to treat COVID-19 patients. As a result, Santora's work duties shifted from caring for healthy postsurgical patients to caring exclusively for COVID-19 patients. The nurses also had to handle other responsibilities—including housekeeping, maintenance, and IT—in an effort to reduce the number of people on the floor. On several occasions, Santora was required to escort patients to the intensive care unit for intubation to ensure that the nurse receiving the patient received the report. Santora testified that she had no prior experience providing respiratory care.

In April 2020, Santora contracted COVID-19 and twice sought emergency department treatment. She quarantined for about three and a half weeks, during which she "experienced shortness of breath, cough[ing], extreme fatigue, heart racing, and night sweats." In June 2020, Santora's unit resumed its prior postoperative surgical functions. However, Santora was regularly "floated" to other units to assist with the care of COVID-19 patients. While "floating," Santora sometimes treated COVID-19 patients for an entire 12-hour shift. Other times, she would treat them for part of a shift, after which she would return to her postsurgical patients. Santora expressed concern about exposing postsurgical patients to COVID-19, but despite her concerns, these "float" assignments to COVID-19 units continued.

On October 11, 2020, Santora suffered a panic attack in the hallway after being assigned to a COVID-19 unit. Santora's supervisor sent her home. Ten days later, Santora experienced a second panic attack after being assigned to float to a COVID-19 unit. Santora asked for a change

---

[2] "On appeal from a decision of the Workers' Compensation Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below." *Anderson v. Anderson*, 65 Va. App. 354, 361 (2015) (quoting *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 83 (2005) (en banc)).

in assignment, which was denied by the nurse in charge. Santora then called her supervisor, who switched her assignment, and Santora finished her shift.

After the second panic attack, Santora sought medical attention from her primary care physician, who diagnosed her with PTSD and referred her for psychiatric treatment. Dr. Khin Myint performed a psychiatric evaluation of Santora and diagnosed her with PTSD and major depressive disorder resulting from her April 2020 COVID infection and her work with COVID patients without adequate personal protective equipment.

Santora's PTSD and depression were treated by Dr. Simona Pickboth at Dominion Hospital. Dr. Pickboth concluded that Santora had "ongoing anxiety with complex PTSD" from working with COVID-19 patients, leaving Santora unable to work. Santora continued to suffer from flashbacks, lethargy, irritability, and an inability to focus, intrusive memories, and she sought multiple treatments for her "resistant depression."

In March 2021, Santora sought emergency treatment at Calvert Health Medical Center for worsening anxiety. She reported suffering from "sadness, loss of interest, loss of motivation, low energy, feeling worthless, hopeless[ness], helpless[ness,] and suicidal thoughts" since the summer of 2020.

Starting in August 2021, Psychiatric Physician Assistant Natasha Olliver provided Santora's psychiatric care. Santora told Olliver that she was unprepared to handle "severely ill patients and death" in the COVID-19 unit. Santora reported that after caring for COVID-19 patients, "she developed a low mood, sleep trouble, decreased energy, and anhedonia."[3] Olliver diagnosed Santora with major depressive disorder, panic disorder, and "chronic" PTSD. Olliver determined that "Santora's PTSD followed as a natural incident of her work as a nurse from the

---

[3] Olliver noted in early 2022 that Santora's symptoms worsened over time, including increased suicidal ideation, hopelessness, nightmares, and flashbacks.

workplace exposure to sick and dying COVID patients" and found "a direct causal connection between Santora's work conditions during the COVID-19 pandemic and her diagnosis of PTSD."

Santora's mental health therapist, Tia Deloatch, also concluded that Santora's work with COVID-19 patients caused her "acute mental distress," including "recurrent and distressing recollections of the events, including images, thoughts and perceptions." Deloatch noted that Santora's "diagnosis of PTSD is specific and related to her being assigned to the COVID" intensive care unit.[4]

Santora filed a claim for a lifetime medical award and total temporary disability resulting from her PTSD and major depressive disorder. The deputy commissioner found that her diagnoses were not compensable. On review, however, the full Commission reversed, finding "by clear and convincing evidence" that Santora's PTSD and major depressive disorder were compensable diseases. The Commission remanded the case to the deputy commissioner to determine Santora's award. The deputy commissioner found that Santora was totally disabled from October 2020 to the present and awarded her compensation. The Commission affirmed in part and reversed in part.[5] Inova appeals.

## ANALYSIS

Inova assigns two errors to the Workers' Compensation Commission. First, that the Commission erred by finding that Santora incurred PTSD and major depressive disorder "as

---

[4] Santora had a preexisting history of anxiety treatment since 2013 or 2014, but she had not been diagnosed with either PTSD or major depressive disorder until after her panic attacks.

[5] The Commission also found that Santora was totally disabled and entitled to compensation due to her occupational diseases for a total of about a year and four months between 2020 and 2023. For the remainder of the period, the Commission found that Santora was partially disabled, but failed to market her remaining work capacity, so she was not entitled to compensation.

ordinary disease[s] of life . . . arising out of and in the course of her employ[ment]." Second, that the Commission erred by finding that Santora's PTSD and major depressive disorder "arose from her care of COVID patients in the course of her employment as a nurse." Although framed as separate assignments of error, both assert the same core argument: the Commission erred by finding that Santora's PTSD and major depressive disorder, and her resulting disability, are compensable under the Virginia Workers' Compensation Act.

"An ordinary disease of life" is compensable if, as relevant here, two elements are "established by clear and convincing evidence." Code § 65.2-401. First, that "the disease exists and arose out of and in the course of employment . . . and did not result from causes outside of the employment." Code § 65.2-401(1). Second, that the disease "is characteristic of the employment and was caused by conditions peculiar[6] to such employment." Code § 65.2-401(2)(c). "The [C]ommission's determination regarding causation is a finding of fact." *City of Newport News v. Kahikina*, 71 Va. App. 536, 545 (2020) (alteration in original) (quoting *Farmington Country Club, Inc. v. Marshall*, 47 Va. App. 15, 26 (2005)). The Commission's decisions are "conclusive and binding as to all questions of fact." Code § 65.2-706(A).

Inova asserts that evidence established that Santora's PTSD and major depressive disorder arose from "stressful events outside the workplace."[7] We acknowledge that there is evidence tending to show that Santora suffered from certain conditions before 2020. However, this Court does "not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses." *Jeffreys v. Uninsured Emp.'s*

---

[6] Or, as the Commission put it: "the claimant's PTSD and depression arose from her care . . . in the course of her employment as a nurse."

[7] Inova also argues that Santora "had to prove by clear and convincing evidence that there was actual exposure to a COVID patient on October 11, 2020 or October 21, 2020." Inova does not support this assertion with any legal authority.

*Fund*, 297 Va. 82, 87 (2019) (quoting *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411 (1983)). "Instead, 'we are bound by the [C]ommission's findings of fact as long as "there was credible evidence presented such that a reasonable mind could conclude that the fact in issue was proved," even if there is evidence in the record that would support a contrary finding.'" *Springfield Pest v. Peterman*, 82 Va. App. 668, 679 (2024) (alteration in original) (emphasis omitted) (quoting *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 83-84 (2005) (en banc)).

The record supports the Commission's finding that Santora's PTSD and major depressive disorder were compensable ordinary diseases of life caused by her employment. Santora testified that caring for COVID-19 patients caused her PTSD and major depressive disorder because she witnessed an immense amount of death in a short period of time and had no experience treating people with respiratory conditions. "Causation of a medical condition may be proved by either direct or circumstantial evidence, including medical evidence or '*the testimony of a claimant.*'" *Farmington Country Club, Inc.*, 47 Va. App. at 26 (emphasis added) (quoting *Dollar Gen. Store v. Cridlin*, 22 Va. App. 171, 176 (1996)).

Additionally, Santora's treatment providers corroborated her testimony. Per Olliver's records, Santora reported that her lack of preparedness and high degree of exposure "to severely ill patients and death" negatively impacted her mental health. Similarly, Deloatch causally related Santora's acute mental distress and PTSD to her employment. Therefore, "there was credible evidence presented" to support the Commission's conclusion that Santora's employment caused her mental health symptoms. *Artis*, 45 Va. App. at 83-84 (quoting *Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 222 (1988)).

The Commission found that Santora established a compensable disease by "clear and convincing evidence." Given the credible evidence presented, this finding was well within the Commission's discretion. The record supports the Commission's conclusion that Santora's PTSD

and major depressive disorder are compensable ordinary diseases of life arising out of and in the course of her work as a nurse caring for COVID-19 patients.

CONCLUSION

Accordingly, this Court affirms the Workers' Compensation Commission's judgment.

*Affirmed.*