COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Annunziata
Argued at Alexandria, Virginia


STRICTLY STUMPS, INC. AND
 TRANSPORTATION INSURANCE COMPANY
                                              OPINION BY
v.   Record No. 0523-00-4     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                          NOVEMBER 21, 2000
GEORGE ROBERT ENOCH


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Dawn E. Boyce (Trichilo, Bancroft, McGavin,
            Horvath & Judkins, P.C., on brief), for
            appellants.

            No brief or argument for appellee.


     Strictly Stumps, Inc. ("employer") contends the Workers'

Compensation Commission ("commission") erred in awarding medical

benefits to George Robert Enoch ("claimant").  On appeal,

employer argues the commission erred in finding:  (1) that

claimant established an "injury by accident" to his right foot

on September 1, 1997; and (2) that medical treatment rendered in

August 1998 was causally related to that "injury by accident."

Because credible evidence supports the commission's decision, we

affirm.

                              I.

     "On appeal, we view the evidence in the light most

favorable to the claimant, who prevailed before the commission."

<u>Allen & Rocks, Inc. v. Briggs</u>, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998) (citations omitted).  "'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'"  <u>Id.</u> (quoting <u>Manassas Ice & Fuel Co. v. Farrar</u>, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)).  "'The fact that there is contrary evidence in the record is of no consequence.'"  <u>Id.</u> (quoting <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

Claimant testified that on September 1, 1997, while working as a groundsman, he was injured when a tree fell on his right foot.  He initially thought he had sustained a sprain or pulled ligaments.  He missed one day of work, but testified that the pain increased until he left the job in December 1997.  Employer's witness, Dean Sielbold, testified he remembered a tree falling around claimant in early September 1997.  He also testified that claimant told him his foot hurt after the tree fell.  Dana Woolsey, employer's last witness, testified that he saw the tree hit claimant's foot on the left side.

It was not until August 30, 1998 that claimant sought treatment at Mount Vernon Hospital.  The triage note from the hospital reflected an injury to claimant's foot one year earlier with intermittent pain.  He was referred to Dr. Stephen C. Saddler, an orthopedic physician, who diagnosed "early

-

degenerative arthritis of the right ankle with possible loose bodies" and recommended conservative treatment. Dr. Saddler's initial notes also reflect the incident one year earlier and intermittent pain following the incident. The commission found that claimant sustained an injury by accident on September 1, 1997 and that the medical treatment was causally related to that accident.

## II.

Employer first contends the evidence is insufficient to establish an injury by accident. The commission found:

> Neither witness for the employer contradicted [claimant's] testimony that the tree fell on his foot. Siebold could not remember which foot he said was hurt immediately after the accident. Woolsey thought the tree had fallen on the side of his left foot and recalled complaints of ankle pain. He also recalled advising the claimant to seek medical attention. The minor discrepancies between the testimony of Woolsey and the claimant are inconsequential.

Credible evidence supports this finding.

Employer next argues the commission erred in finding that the medical treatment rendered in August 1998 and continuing was causally related to that injury by accident. Citing generally to Dollar General Store v. Cridlin, 22 Va. App. 171, 468 S.E.2d 152 (1996), employer asserts that there must be consistent factual testimony and an obvious link from which causation can

-

be inferred when there is no definitive medical statement regarding causation.  Employer, however, gives no page reference or quote to support such a reading of Cridlin.  We find nothing in Cridlin that limits the commission's ability to consider medical evidence and the claimant's testimony in determining causation.  Indeed, "[t]he commission's determination regarding causation is a finding of fact and is binding on appeal when supported by credible evidence."  Marcus v. Arlington County Bd. of Supervisors, 15 Va. App. 544, 551, 425 S.E.2d 525, 530 (1993) (citations omitted).  Because it is a factual determination, "[t]he testimony of a claimant may also be considered in determining causation, especially where the medical testimony is inconclusive."  Cridlin, 22 Va. App. at 176, 468 S.E.2d at 154.  Thus, we held in Cridlin that where "the [medical] reports reflect only the results of claimant's physical examination and do not purport to establish the cause or causes of her injury[,] . . . the commission was free to credit claimant's testimony at the hearing as a basis for its finding of causation."  Id. at 177, 468 S.E.2d at 155 (citation omitted).

The uncontradicted medical evidence and claimant's testimony as well as the testimony of employer's witnesses support the commission's conclusion that the medical treatment was causally related to the injury by accident.  The commission found:

-

The evidence presented by the claimant, in conjunction with the medical reports, shows a causal link between the accident and resulting medical care. Both the emergency room and Dr. Saddler reported an injury occurring in the fall of 1997. For example, the triage note described a one-year-old right ankle injury that had remained symptomatic for one year. The emergency room physician also relayed an injury to the right ankle one year before and that claimant had suffered intermittent pain since the event. Similarly, Dr. Saddler noted that the tree struck his foot in the fall of the previous year and that he simply self-treated until the pain became unbearable. The claimant did not report or testify to any contrary history; he did not assert any type of intervening or past problem. There was no mention of an alternative trauma or other causative factor.

The record in this case does not establish that the medical issue was so complex that the commission made findings in an area that could only be properly decided by medical experts. Because the testimony and medical evidence are uncontradicted and credible evidence supports the commission's finding, we affirm.

Affirmed.

-