COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Frank and Clements


HUSS, INC. AND
 FIREMAN'S FUND INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 0930-01-1              PER CURIAM
                                      AUGUST 14, 2001
RICHARD EUGENE BOHANNAN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Stephen R. Jackson; Willcox & Savage, P.C.,
            on brief), for appellants.

            (David A. Buzard; Bennett & Zydron, P.C., on
            brief), for appellee.


        Huss, Inc. and its insurer (hereinafter referred to as

"employer") contend that the Workers' Compensation Commission

erred in finding that Richard Eugene Bohannan (claimant) proved

that his current disability is causally related to his

compensable January 13, 2000 injury by accident.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

> Because [causation] is a factual determination, "[t]he testimony of a claimant may also be considered in determining causation, especially where the medical testimony is inconclusive." . . . [W]here "the [medical] reports reflect only the results of claimant's physical examination and do not purport to establish the cause or causes of [his] injury[,] . . . the commission was free to credit claimant's testimony at the hearing as a basis for its finding of causation."

Strictly Stumps, Inc. v. Enoch, 33 Va. App. 792, 795, 537 S.E.2d 19, 20-21 (2000) (quoting Dollar General Store v. Cridlin, 22 Va. App. 171, 176-77, 468 S.E.2d 152, 154-55 (1996)).

The medical evidence and claimant's testimony support the commission's conclusion that his current disability is causally related to his compensable January 13, 2000 injury by accident. In finding that claimant proved his current back disability is causally related to his compensable January 13, 2000 injury by accident, the commission recognized that "the record does not include a definitive medical statement regarding causation of the claimant's disability." Thus, the commission, as it is permitted to do, considered claimant's testimony regarding causation. See id. In doing so, the commission made the following findings:

-

The claimant's testimony regarding the mechanism of injury is consistent with his medical records. The medical records reflect that he had a preexisting diagnosis of osteoarthritis of the lumbar spine. On May 13, 1998, the claimant received a 10 percent VA disability rating for "characteristic pain" which he indicated was a one or two on a scale of one to ten, with ten being severe. There is no evidence he had radiculopathy or muscle spasms in his back prior to January 13, 2000. The claimant described a specific incident that occurred at a specific point in time when he injured himself. He consistently reported that he felt a pop in his back while moving a tarp from the flatbed of his truck. The February 2000, MRI scan showed that in addition to preexisting spondylolisthesis, the claimant also had a herniated nucleus pulposus at L5-S1. This diagnosis is entirely consistent with his current symptoms, which began after he felt the pop in his back on January 13, 2000. There is no evidence that the claimant had a herniated nucleus pulposus prior to January 13, 2000.

* * * * * * *

It is undisputed that the claimant had preexisting osteoarthritis. He said that the last time he recalled receiving treatment for his back was almost a year prior to the current injury and that the problem resolved after several days. . . . It appears that [claimant] was largely symptom-free prior to January 13, 2000, and that after the work-related injury, he had a significant increase in back pain coupled with right leg radiculopathy, which had not been medically documented prior to that time.

Claimant's testimony and the uncontradicted medical records constituted credible evidence sufficient to prove that claimant's current disability is causally related to his

-

compensable January 13, 2000 injury by accident. As fact finder, the commission was entitled to discount Dr. John A. Williamson's statement on March 2, 2000, that "workers' comp may cause a problem because of a preexistence of the spondylosis and the degenerative disc disease. . . ." Dr. Williamson's statement did not constitute an opinion regarding the causation of claimant's current disability.

> The medical evidence and the reasonable inferences that flow from this evidence support [the commission's] findings. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Furthermore, on appeal, we "[do] not retry the facts, reweigh the preponderance of the evidence, or make [our] own determination of the credibility of the witnesses."

Marriott Int'l, Inc. v. Carter, 34 Va. App. 209, 215-16, 539 S.E.2d 738, 741 (2001) (citations omitted).

"The record in this case does not establish that the medical issue was so complex that the commission made findings in an area that could only be properly decided by medical experts. Because the testimony and medical evidence are uncontradicted and credible evidence supports the commission's finding, we affirm." Strictly Stumps, 33 Va. App. at 796, 537 S.E.2d at 21.

Affirmed.

-