COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Alston and Senior Judge Annunziata
Argued at Richmond, Virginia


FRED L. MYERS

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2338-11-2          JUDGE ROSEMARIE ANNUNZIATA
                                                                  JULY 3, 2012

MADISON WOOD PRESERVERS AND
  EMPLOYERS PREFERRED INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Christopher R. Johnson (Larry L. Miller; Miller Law Group, P.C., on
               briefs), for appellant.

               Jesse F. Narron (Sean J. Murphy; PennStuart, on brief), for
               appellees.


       Fred L. Myers (claimant) appeals from an October 21, 2011 decision of the Workers'

Compensation Commission (the commission) reversing the deputy commissioner's decision and

finding that claimant failed to present sufficient evidence to prove a compensable injury by accident

to his left knee.  On appeal, claimant contends the commission erred by 1) finding the evidence was

insufficient to demonstrate he sustained a compensable knee injury as a result of an April 29, 2010

accident occurring on his employer's conveyor belt, 2) failing to provide a reasonable basis in the

record to reverse the deputy commissioner's determination regarding claimant's credibility, and

3) finding claimant's return to work following the April 29, 2010 accident could also have caused

his knee condition.  We affirm the decision of the commission.


---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On appeal, we view the "evidence and all reasonable inferences that may be drawn from that evidence" in the light most favorable to the party prevailing before the commission. Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (*en banc*).

So viewed, the evidence showed claimant worked for Madison Wood Preservers (employer) as a maintenance technician and performed maintenance tasks throughout employer's lumber yard. On April 29, 2010, while claimant was standing on a conveyor belt to replace a broken part on a vehicle, a co-worker turned on the conveyor belt causing claimant to fall. On May 3, 2010, claimant visited Dr. J. Yates Sealander complaining of pain in his left ankle and foot. He did not report an injury to his knee. Dr. Sealander diagnosed claimant with foot strain and concluded he was not disabled for work. On May 13, 2010, claimant filed an accident report with the commission and stated only that he had injured his foot in the workplace accident. Claimant continued to work following the accident.

Claimant became aware of an injury to his knee a few weeks after the April 29, 2010 accident. He stated that his "knee just started hurting out of the blues [sic]" and further explained that by June 10, 2010, pain and swelling in his knee prevented him from standing. Claimant sought treatment with Dr. Robert Rutkowski, an orthopedic surgeon. On June 15, 2010, Dr. Rutkowski diagnosed claimant with a medial meniscus tear and osteoarthritis. Two days later, Dr. Rutkowski performed arthroscopic surgery on claimant's knee. On September 27, 2010, claimant sought a second opinion from Dr. James Browne, "complaining of approximately 1 year worth of left knee pain." On November 3, 2010, claimant underwent surgery for a total knee replacement.

On August 27, 2010, in his claim for benefits, claimant stated that he injured his left knee the week of May 17, 2010. He sought wage loss benefits beginning June 10, 2010 and payment for medical bills. The deputy commissioner ruled that claimant suffered a compensable injury to his

left knee as claimed and that his medical condition was causally related to the April 29, 2010 compensable injury. At the hearing, claimant testified that, prior to the April 29, 2010 accident, he did not experience any problem with his left knee that prevented him from working at his job. The deputy commissioner awarded temporary total disability benefits beginning June 10, 2010. On review, the full commission reversed, finding the evidence failed to prove claimant's knee condition was causally related to the workplace injury. This appeal followed.

ANALYSIS

Although claimant lists three assignments of error, all three essentially address the same issue – whether claimant's testimony and the relevant medical records constituted sufficient evidence to support a finding of compensability for the left knee injury. Claimant contends the commission erred in its finding the evidence he presented was not sufficient to satisfy his burden of proof.

"One seeking compensation retains the burden of proving by a preponderance of the evidence that he sustained a compensable injury." Williams v. Auto Brokers, 6 Va. App. 570, 571-72, 370 S.E.2d 321, 322 (1988) (citing Hercules, Inc. v. Stump, 2 Va. App. 77, 79, 341 S.E.2d 394, 395 (1986). "'Injury' means only injury by accident arising out of and in the course of employment." Code § 65.2-101. "An 'injury by accident' requires proof of '(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change.'" Ogden Aviation Servs. v. Saghy, 32 Va. App. 89, 94, 526 S.E.2d 756, 758 (2000) (quoting Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990)).

In reviewing the decision of the deputy commissioner, the full commission concluded that claimant failed to meet his burden of proving a causal connection between the workplace accident and his knee condition. We agree with the full commission and affirm.

"Causation is an essential element which must be proven by a claimant in order to receive an award of compensation for an injury by accident . . . ." AMP, Inc. v. Ruebush, 10 Va. App. 270, 274, 391 S.E.2d 879, 881 (1990). "Causation of a medical condition may be proved by either direct or circumstantial evidence, including medical evidence or 'the testimony of a claimant.'" Farmington Country Club v. Marshall, 47 Va. App. 15, 26, 622 S.E.2d 233, 239 (2005) (quoting Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996)). However, "[c]ausation is usually proven by medical evidence," Clinch Valley Med. Ctr. v. Hayes, 34 Va. App. 183, 192, 538 S.E.2d 369, 373 (2000), and, like all matters of evidence, it is "'subject to the commission's consideration and weighing,'" Cridlin, 22 Va. App. at 176, 468 S.E.2d at 154 (quoting Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991)). Because the commission's determination of causation is a finding of fact, see Henrico Cnty Sch. Bd. v. Etter, 36 Va. App. 437, 443, 552 S.E.2d 372, 375 (2001), those findings "are conclusive and binding on this Court if supported by credible evidence," R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 213, 390 S.E.2d 788, 789 (1990). When the record is reviewed in this light, the existence of contrary evidence has no bearing on the result. See Wagner Enters, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citing Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989)).

In this case, no medical evidence supports claimant's contention that the April 29, 2010 accident caused his knee condition. In fact, the medical records suggest the contrary. When claimant first sought medical attention following the accident, his complaint was limited to his foot and ankle injury. He did not experience knee problems until a "couple of weeks" after the

- 4 -

accident and, in making his initial claim, claimant stated his knee began to hurt "out of the blues [sic]." When claimant later sought medical treatment for his knee pain, he reported no history of the work accident. No health care provider related the knee condition to the April 29, 2010 accident, the consistent medical diagnosis being one of osteoarthritis and other non-work-related problems for which claimant ultimately underwent a knee replacement. Additionally, before undergoing the knee replacement surgery, claimant sought a second opinion from Dr. James Browne just five months after the workplace accident "complaining of approximately 1 year worth of left knee pain." There was also evidence in the record that claimant had returned to work before experiencing any knee pain and that his work required him to kneel and crawl.[1] Given the spectrum of potential non-work-related causes of claimant's knee injury in evidence and the absence of any medical evidence supporting claimant's testimony that his knee problems were caused by the work accident, reasonable minds could conclude that the claimant had failed to satisfy his burden of proof on the issue of causation. "[W]e are bound by the commission's findings of fact so long as 'there was credible evidence presented such that a reasonable mind could conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding." Artis, 45 Va. App. at 83-84, 608 S.E.2d at 517 (quoting Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988)). Cf. Turcios v. Holiday Inn Fair Oaks, 24 Va. App. 509, 517-18, 483 S.E.2d 502, 506 (1997)

---

[1] Claimant's assertion that the commission erred by considering his return to work following his accident as a potential alternative cause of his knee condition is without merit. The record indicated claimant returned to work in his full capacity and that his work routinely included crawling and kneeling. Claimant's initial complaint and his early medical records indicate only his foot and ankle were injured in the April 29, 2010 accident. The commission's note that the return to work provided a possible alternative explanation amounts to nothing more than a statement that claimant had failed to prove by a preponderance of the evidence that the workplace accident caused his later knee condition.

(reversing the commission's denial of benefits where the medical evidence established a causal relationship and no evidence suggested an intervening cause of the disability).

Claimant contends that in reaching its conclusions, the commission "necessarily exclude[d] [his] uncontroverted testimony" in contravention of well-established principles governing the reversal of the deputy commissioner's credibility determinations. See, e.g., Turcios, 24 Va. App. at 515, 483 S.E.2d at 505 (noting the commission may not arbitrarily reverse the credibility findings of the deputy commissioner). However, as claimant acknowledges, "the commission nowhere expressly states that it . . . found [claimant] lacking in credibility." Rather, it simply concluded that claimant's testimony on the issue of causation was unsupported by the other evidence in the case and, in itself, was insufficient to establish causation. We acknowledge that the commission "'was free to credit claimant's testimony at the hearing as a basis for its finding of causation.'" Strictly Stumps, Inc. v. Enoch, 33 Va. App. 792, 795, 537 S.E.2d 19, 21 (2000) (quoting Cridlin, 22 Va. App. at 177, 468 S.E.2d at 155). However, the commission is not required to accept that testimony in making its finding or necessarily conclude that claimant's testimony, in itself, establishes causation, particularly when other evidence suggests otherwise. As pointed out in Cridlin, "'in many instances, it may be impossible to form a judgment on the relation of the employment to the injury, or relation of the injury to the disability, without analyzing in medical terms what the injury or disease is.'" Cridlin, 22 Va. App. at 177, 468 S.E.2d at 154 (quoting 2B Arthur Larson, The Law of Workmen's Compensation § 79.51(a) (1995)). This case is one such instance.

Contrary to claimant's contention that the commission's decision is antithetical to the remedial purposes of the Workers' Compensation Act and the liberal construction it should be given to advance that purpose, "[t]hat liberality, however, has its limits." Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003). We acknowledge the humanitarian and

beneficent purpose of the Act that is served by a liberal construction favoring the worker, but these underlying policy considerations do not require that every claim asserted be allowed. <u>See</u> <u>Bowden v. Newport News Shipbuilding</u>, 11 Va. App. 683, 688, 401 S.E.2d 884, 887 (1991). The burden of proof the commission applied in this case to establish causation is consistent with these principles.

In short, because we find the commission's finding that claimant's knee condition was not causally related to the accident is based on credible evidence, its finding is binding on this Court on appeal and we affirm.

<u>Affirmed.</u>