COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Huff and Malveaux
Argued by teleconference

CITY OF CHARLOTTESVILLE

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1815-19-2           JUDGE MARY BENNETT MALVEAUX
                                                  MAY 5, 2020

WILLIAM SCLAFANI

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

    Brian J. McNamara (Brian A. Richardson; Faraaz A. Jindani; Ford
    Richardson, P.C., on briefs), for appellant.

    Bradford M. Young (HammondTownsend, PLC, on brief), for
    appellee.

The Virginia Workers' Compensation Commission ("the Commission") awarded benefits to

William Sclafani ("claimant") for a workplace injury.  On appeal, this Court reversed the

Commission's decision that claimant's injury met the burden of establishing temporal precision and

remanded to the Commission for additional fact-finding on that issue.  See City of Charlottesville

v. Sclafani, 70 Va. App. 613, 623 (2019).  The City of Charlottesville ("employer") now appeals

the Commission's award of benefits on remand.  Employer argues the Commission erred in

finding that claimant met his burden to show that his injury occurred at some reasonably definite

time.  Finding no error by the Commission, we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I.  BACKGROUND

"On appeal from a decision of the . . . Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below," in this case, claimant.  Anderson v. Anderson, 65 Va. App. 354, 361 (2015) (quoting Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83 (2005) (*en banc*)).

So viewed, the evidence establishes that claimant worked for employer as a police officer during 2017.  Claimant testified that on May 9, 2017, he "role-play[ed] the bad guy" during SWAT team training from 8:00 a.m. until approximately 5:00 p.m.[1]  In this role, claimant was repeatedly "put on the ground and cuffed," picked up "underneath the arms," and "moved away."

Claimant could not "recall anything ever popping or cracking" or a moment during the training when he experienced a sudden onset of pain.  However, he did recall that "at the end, [he] was picked up a little weird . . . [and] felt some discomfort" in his left shoulder.  Claimant described the sensation as a "tweak," which occurred "[a]fter lunch, when they picked me up [during] the last scenario -- it was a knife scenario.  After they handcuffed me and picked me up, . . . it was discomfort."  He further stated that during the training, "[o]nly that one [moment] really sticks out . . . the knife scenario one, where I was picked up a little funny . . . [and] felt like discomfort."

During his drive home, claimant's left shoulder became "real sore" and he found that he could not "hold [his] arm out straight on the steering wheel."  Claimant did not "remember it hurting when [he] went to lunch" earlier that day.  Later that evening, claimant discovered that he could not raise his arm straight up or down or lift it above his head.

---

[1] "SWAT stands for Special Weapons and Tactics."  Justiss v. Commonwealth, 61 Va. App. 261, 268 (2012).

When asked by employer's counsel whether the "knife scenario" was the "incident that you believed caused something to go wrong," claimant replied, "Oh yeah. There's no doubt." Claimant further explained, "I could move my arm fine. And then after that -- you know, if you hold your wrist up level with your ear and then just push up, you know, I couldn't do that with the left arm."

Claimant sought medical treatment and later underwent left shoulder surgery to address tendinosis, rotator cuff tears, and traumatic impingement syndrome.

During his medical treatment, claimant filed a claim for benefits alleging an injury by accident to his left shoulder and arm. The deputy commissioner denied the claim, holding that claimant had suffered a clearly defined injury but had not established an identifiable incident or sudden precipitating event as the injury's cause.

Claimant requested review by the full Commission. On review, the Commission reversed the deputy commissioner and awarded claimant medical and temporary total disability benefits. The Commission found that the day-long training session "provided the necessary rigidity of temporal precision to constitute one event, and the claimant suffered a 'discrete and specific' traumatic injury to his shoulder as a result." The Commission awarded claimant benefits, and employer appealed to this Court.

On review, this Court concluded the Commission had "assumed but failed to find" that claimant's testimony had established that his injury occurred "with sufficient temporal precision." Sclafani, 70 Va. App. at 623. We noted that claimant's "training spanned eight hours, with an interruption for lunch. The assumption that [claimant] sustained a non-cumulative injury during the last four hours of training was justified based on [claimant's] own testimony. However, there was no specific finding to this effect." Id. Consequently, we "reverse[d] the Commission's decision that [claimant's] injury met the burden of establishing temporal

- 3 -

precision" and remanded "for the Commission to make a factual finding . . . as to whether [claimant's] injury occurred during the four post-lunch hours of the training." Id.

On remand, the Commission found that claimant had not noticed any problems with his arm or shoulder prior to his lunch break. Then, "[a]t some point after lunch when he was picked up and taken to the ground, he felt a 'tweak' or 'discomfort'" and was subsequently "unable to push up with his left arm." Based upon these facts, the Commission found that claimant "sustained a non-cumulative injury during the last four hours of training. He consistently denied feeling any shoulder or arm discomfort in the morning and first felt a 'tweak' in the afternoon." The Commission further concluded that "this case [is] factually and legally indistinguishable from . . . Riverside Reg[']l Jail Auth[.] v. Dugger, 68 Va. App. 32 (2017). The claimant was engaged in the same type of physical activities when the injuries occurred over the identical [*sic*] four-hour period." The Commission awarded benefits to claimant.

Employer appealed the Commission's remand decision to this Court.

## II. ANALYSIS

Employer argues the Commission erred in finding that claimant met his burden to show that his injury occurred at some reasonably definite time on May 9, 2017.[2] Specifically, it

---

[2] Employer also argues the Commission erred in finding that claimant "suffered a compensable, discrete injury by accident arising out of employment," "met his burden to show an identifiable incident," and "sustained a non-cumulative injury."

We do not address the first two issues because the law of the case doctrine precludes them from our consideration. The doctrine provides that "[w]here there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal." Meidan, Inc. v. Leavell, 62 Va. App. 436, 441 (2013) (quoting Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620 (1917)). Thus, the ruling in the first appeal "is binding on both the [lower tribunal] and the appellate court, and is not subject to reexamination by either." Id. (quoting Steinman, 121 Va. at 620). Here, employer raised both of the first two issues noted above in its prior appeal to this Court. Our ruling in that appeal became final after this Court denied employer's petition for rehearing *en banc*. See City of Charlottesville v. Sclafani, No. 1999-18-3 (Aug. 14, 2019 order); Code § 17.1-410(A)(2), (B) (establishing the general finality of this Court's decisions in cases originating before the Commission). Thus, our previous opinion established the law pertaining to all issues in this case

- 4 -

contends that claimant's injury was not bound by rigid temporal precision because claimant "could not recall when his injury occurred over the entire eight-hour training exercise." Thus, employer argues, the instant case is distinguishable from Dugger, where an injury that occurred sometime during a four-hour training session was found sufficiently temporally precise.

"As the appellant in this case, [employer] bears the 'burden of showing' that the Commission committed 'reversible error.' Further, this Court defers to the Commission in its role as fact finder." Jones v. Crothall Laundry, 69 Va. App. 767, 774 (2019) (citation omitted) (quoting Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012)). Thus, in conducting our review, factual findings by the Commission are conclusive and binding on this Court if they are supported by credible evidence. Id. "This principle applies 'even [if] there is evidence in the record to support a contrary finding.' The appellate court simply does not 'retry the facts, reweigh . . . the evidence, or make [its] own determination of the credibility of the witnesses.'" Id. (alterations in original) (citation omitted) (first quoting City of Waynesboro v. Griffin, 51 Va. App. 308, 317 (2008); then quoting Layne v. Crist Elec. Contractor, Inc., 64 Va. App. 342, 345 (2015)). "Whether credible evidence exists to support a factual finding is a question of law," Hercules, Inc. v. Gunther, 13 Va. App. 357, 361 (1991), and this Court "review[s] questions of law de novo," Advance Auto and Indem. Ins. Co. of N. Am. v. Craft, 63 Va. App. 502, 514 (2014).

---

except the specific issue for which we remanded to the Commission: the factual question "as to whether [claimant's] injury occurred during the four post-lunch hours of the training." Sclafani, 70 Va. App. at 623. Consequently, we consider only the Commission's finding on that issue.

Further, because we affirm the Commission's finding that claimant's injury occurred at some reasonably definite time during the last four hours of his training, and because such a temporally bounded injury necessarily excludes causation by repetitive trauma or other cumulative events, see Morris v. Morris, 238 Va. 578, 588-89 (1989), we need not address employer's argument that the Commission erred when it failed to find that claimant's injury was cumulative in nature.

An injury by accident is compensable under the Virginia Workers' Compensation Act when it "aris[es] out of and in the course of the [claimant's] employment." Code § 65.2-101. To prove such an injury, "a claimant must prove: '(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change.'" Dugger, 68 Va. App. at 38.

An identifiable incident is "inevitably 'bounded with rigid temporal precision'"—that is, it necessarily "'occurs at [some] *reasonably definite time*.'" Van Buren v. Augusta Cty., 66 Va. App. 441, 451 (2016) (alteration in original) (quoting Morris v. Morris, 238 Va. 578, 588-89 (1989)). "[I]njuries resulting from repetitive trauma, . . . or other cumulative events . . . are not 'injuries by accident' under the act." Morris, 238 Va. at 589. However, even though the incident must by bounded with rigid temporal precision, a claimant "is only required to fix the time of [its] occurrence with reasonable accuracy," id., and "an incident lasting for more than a few seconds or minutes can be enough to establish . . . 'rigid temporal precision' . . . when the surrounding circumstances support the conclusion," Sclafani, 70 Va. App. at 619. "Therefore, an 'identifiable incident' is present if the injury was 'the result of some particular piece of work done or condition encountered on a definite occasion.'" Id. at 622 (quoting Southern Exp. v. Green, 257 Va. 181, 189 (1999)).

In the instant case, contrary to employer's argument, the record does not support that claimant's injury merely occurred sometime during the approximately eight hours of training on May 9, 2017. The Commission, instructed on remand to "make a factual finding . . . as to whether [claimant's] injury occurred during the four post-lunch hours of the training," reexamined the evidence and concluded that claimant's injury did occur during that time frame. Id. at 623. Credible evidence in the record supports this finding. As noted by the Commission,

claimant did not recall experiencing any arm or shoulder pain prior to his lunch break on May 9, 2017. However, after lunch, during the final training scenario of the day, claimant experienced a "tweak" and "discomfort" when he was "picked up a little funny" by members of the SWAT team. Claimant recalled that this particular moment "really st[uck] out" in his memory and stated he had "no doubt" that it was the incident that led to the arm and shoulder problems he began experiencing after the training. The Commission was free to credit claimant's testimony as it did. See Strictly Stumps, Inc. v. Enoch, 33 Va. App. 792, 795 (2000) (noting that the Commission may consider a claimant's testimony in determining the cause of his injury). Because credible evidence in the record supports the Commission's factual finding that claimant's injury occurred during the post-lunch hours of training, we will not disturb that finding on appeal.

In turn, that finding supports the Commission's determination that, like the injury in Dugger, claimant's injury here was sufficiently bounded with rigid temporal precision. In Dugger, the claimant was a correctional officer who participated in a four-hour tactical training session during which she was "tossed around and taken down" and engaged in simulated fights. Dugger, 68 Va. App. at 34-35. Walking away at the end of the training, the claimant noticed pain in her right knee that was followed by swelling later that day. The Commission found that the claimant was entitled to an award of benefits after she "engaged in a variety of training exercises and defensive maneuvers over a discrete period of time. . . . [H]er testimony was credible and supports the finding that she sustained an injury caused by a particular piece of work occurring at a reasonably definite time." Id. at 36-37.

The employer appealed to this Court and argued, as employer here argues, that the claimant had not proved an injury by accident because her injury was not "bounded with rigid temporal precision." Id. at 42 (quoting Morris, 238 Va. at 589). We disagreed and affirmed the

Commission, noting that "a claimant need not be able to pinpoint the exact moment of injury in order for it to be compensable as an 'injury by accident.'" Id. at 44. We concluded that the claimant's "injury was . . . linked precisely to her defensive training, since she felt knee pain as she walked away from class." Id. at 42. Because the claimant had not "walk[ed] into the physical training with a knee injury," it was "clear that [her] injury occurred during the four-hour defensive training class—and thus, her injury is sufficiently 'bounded by rigid temporal precision.'" Id. (quoting Morris, 238 Va. at 589).

Here, as noted above, and as in Dugger, credible evidence supports that claimant suffered his injury during a discrete, four-hour period—the period after lunch when, during the "last scenario . . . at the end" he felt a "tweak" and "some discomfort." Because claimant, like the claimant in Dugger, did not enter the approximately four-hour training period with an injury but did note an injury shortly after the training ended, we reject employer's argument that the instant case is distinguishable from Dugger and thus that claimant's injury is insufficiently bounded by rigid temporal precision. Rather, we conclude, as did the Commission, that the instant case is analogous to Dugger. We thus affirm the Commission's finding that claimant's injury during the post-lunch training session was sufficiently temporally precise to establish a compensable injury.

### Attorney's Fees

Claimant argues employer lacks reasonable grounds for its appeal and thus he is entitled to an award of attorney's fees and costs pursuant to Code § 65.2-713(A).

Code § 65.2-713(A) provides, in pertinent part, that "[i]f . . . any court before whom . . . proceedings are brought or defended by the employer . . . shall determine that such proceedings have been brought, prosecuted, or defended without reasonable grounds," the court may "assess against the employer . . . the whole cost of the proceedings, including a reasonable attorney's fee, to be fixed by the Commission." With respect to attorney's fees, "[i]f an employer refuses to pay

a claim, reasonably believing that it is not compensable, and in the course of its investigation the grounds for refusal are not so contradicted as to be shown unfounded, then the subsequent defense is reasonable," even where the employer's defense "is later proven misplaced or in error." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 201 (1985).

Here, employer had reasonable grounds for its appeal. This Court remanded this matter to the Commission after concluding it had assumed but failed to find that claimant's testimony had established "sufficient temporal precision" for his injury. Sclafani, 70 Va. App. at 623. The Commission was instructed on remand to "make a factual finding . . . as to whether [claimant's] injury occurred during the four post-lunch hours of . . . training." Id. The Commission made such a finding, concluding that claimant sustained his injury during the last four hours of training. Though we reject employer's argument that the Commission erred, employer's appeal of this new factual finding was not so contradicted as to be shown unfounded. Therefore, we deny claimant's request for attorney's fees.

### III. CONCLUSION

The record supports the Commission's finding that claimant's injury occurred at some reasonably definite time during the last four hours of his training on May 9, 2017. Consequently, we affirm the Commission. Claimant's request for attorney's fees and costs is denied.

Affirmed.