COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Fulton, Causey and Raphael
Argued at Lexington, Virginia


UNINSURED EMPLOYER'S FUND

MEMORANDUM OPINION* BY
v.       Record No. 1410-23-3        JUDGE STUART A. RAPHAEL
JULY 30, 2024

JOSEPH THACKER


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Bryan M. Kirchner (Midkiff, Muncie & Ross, P.C., on brief), for
appellant.

Kenneth C. Kettler (Robert Guntharp; Ritchie Law Firm, P.L.C., on
brief), for appellee.


The Workers' Compensation Commission awarded Joseph Thacker temporary total

disability and medical benefits for injuries he sustained in January 2022 from a work-related

accident. The Uninsured Employer's Fund claims that the Commission erred in finding that the

accident caused his right-shoulder injury. The Fund also claims that the Commission improperly

relieved Thacker of his burden to prove that the accident caused his injury. Finding no error, we

affirm the Commission's decision.

BACKGROUND

In considering an appeal from the Commission, we view the evidence and all reasonable

inferences that may be drawn from it in the light most favorable to the party who prevailed

below. *See Anderson v. Anderson*, 65 Va. App. 354, 361 (2015). Thacker enjoys the benefit

here of that deferential appellate standard.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

*Thacker's accident and medical treatment*

On January 24, 2022, Thacker was working for his employer, A Chimney Expert, inspecting a chimney at a customer's home when he slipped on some icy steps. Thacker tried to break his fall with his right arm, but he landed on his buttocks, back, and arm. He felt pain "everywhere," particularly around his tailbone.

A few days later, Thacker sought treatment at an urgent-care center. An x-ray confirmed a tailbone fracture. Despite medication, Thacker's pain persisted, prompting a hospital visit two days later. He was prescribed more pain medication. The physician notes from that visit said that his cervical back showed a normal range of motion and that his neck was "supple."

On February 3, 2022, Dr. Ryan Sprouse examined Thacker. Thacker's pain had increased, and Dr. Sprouse diagnosed Thacker with a work-related tailbone dislocation and lower back pain, for which the doctor prescribed pain medication.[1]

After two months, Thacker's tailbone problem improved, but he now felt pain elsewhere. On April 13, 2022, Dr. Sprouse noted that Thacker reported "arm and neck and back pain." Thacker's pain level was 10 out of 10. Dr. Sprouse referred Thacker to a spinal specialist at West Virginia University. That specialist, Dr. Mitchell Maser, examined Thacker on April 22. Noting Thacker's lower back and neck pain, Dr. Maser prescribed pain medication and physical therapy.

In early May, Thacker saw Dr. Mahmethan Shadid at a family-medicine center. Thacker complained of right-shoulder pain that started after the January 2022 accident. Dr. Shadid noted

---

[1] Over the following weeks, the record shows that Thacker saw Dr. Sprouse a few more times: on February 10, 2022, for a follow-up appointment; on February 24, 2022, for another MRI, which indicated disc bulges; and on March 1, 2022, when Dr. Sprouse prescribed additional pain medication but advised that Thacker begin to wean himself from the medication.

that Thacker had "adhesive capsulitis"[2] of his right shoulder and a possible rotator-cuff injury. Dr. Shadid prescribed more pain medication and physical therapy.

On May 25, Thacker saw another physician, Dr. David Richards, complaining of continued right-shoulder pain. Thacker told Dr. Richards that he injured his shoulder when he fell in January 2022 and denied "any prior history of instability." Dr. Richards ordered an x-ray and MRI of Thacker's right shoulder and advised Thacker to stop working.

When the MRI revealed a torn right-rotator cuff, Dr. Richards recommended surgery. After the surgery was performed in August 2022, Thacker spent several months recovering. His tentative return-to-work date was June 8, 2023.

*Thacker's claim to the Workers' Compensation Commission*

On March 8, 2022, Thacker submitted his claim to the Commission for medical benefits and temporary total disability. His claimed injuries were of the "tailbone, back, and neck." Thacker requested wage-loss replacement from the day of the accident. Because his employer had no workers' compensation insurance, the Fund defended and disputed the claim. On August 30, 2022, Thacker amended his claim to include his right-shoulder injury.

Following a hearing, Deputy Commissioner Munoz found that while Thacker's tailbone and back injuries stemmed from the January 2022 accident, his neck and shoulder injuries did not. He noted that Thacker "did not express any independent complaints of the neck until April 13, more than two months after the accident." And Thacker's original examination after the accident showed that his neck was normal.

As for the shoulder injury, the deputy commissioner noted that the medical records showed that Thacker did not report any problems until May 2022, "more than three months after

---

[2] Adhesive capsulitis is more commonly known as "frozen shoulder," a condition that limits movement in the shoulder.

the accident." In addition, Thacker underwent "a normal physical examination of [his] right shoulder" at his April 2022 visit with Dr. Maser. The deputy commissioner concluded that "[Thacker's] neck and right-shoulder complaints are too remote to be related to the accident." As a result, Thacker was entitled to temporary total disability benefits only from January 27 through February 28, 2022.[3]

*Thacker's appeal to the full Commission*

On Thacker's appeal, the full Commission affirmed in part, reversed in part, and modified the award. The majority found that the shoulder injury was caused by the January 2022 accident, but the neck injury was not. The majority relied on Thacker's statement after the accident that he felt pain "everywhere," as well as on the medical records that showed that Thacker reported right-shoulder pain in April, when his tailbone pain subsided. The majority added that "[t]he records of Dr. Richards identify the workplace accident as the cause of the rotator cuff tear." And "no medical evidence was introduced . . . that [Thacker's] right shoulder complaints resulted from a different cause or existed prior to his fall."

The majority concluded that Thacker's right-shoulder injury "resulted in total disability beginning May 25, 2022," when Dr. Richards instructed Thacker to stop working. The Commission modified Thacker's award to include temporary total disability "beginning January 27, 2022 through February 28, 2022, inclusive," as well as "temporary total disability beginning May 25, 2022, and continuing."

---

[3] Deputy Commissioner Munoz made several other findings of fact and rulings of law that the Fund does not contest: (i) that Thacker was an employee of A Chimney Expert, not an independent contractor; (ii) that the Commission had jurisdiction because A Chimney Expert had more than three employees in regular service on the date of the accident; and (iii) that Thacker's injury arose out of and in the course of his employment. He also found that A Chimney Expert was required to have the necessary coverage mandated by the Workers' Compensation Act and that its failure to do so warranted a fine of $1,805.

Commissioner Rapaport dissented. He wrote that "[t]here is simply no persuasive medical evidence linking the shoulder condition . . . to the work accident and injury." He noted that Thacker did not complain of shoulder symptoms until months after the accident. As the medical record was "troublingly silent" on causation, he thought that Thacker failed to meet his burden of proof. Commissioner Marshall concurred to emphasize that "a claimant is not required to produce a physician's medical opinion in order to establish causation."

ANALYSIS

The Fund argues that the evidence failed to show that Thacker's right-shoulder injury was caused by the work-related accident. The Fund also claims that the Commission misapplied the law and improperly shifted the burden of proof on causation.

The Commission's determinations are "conclusive and binding as to all questions of fact." Code § 65.2-706(A). "Consequently, on appeal, 'we do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses.'" *Jeffreys v. Uninsured Emp.'s Fund*, 297 Va. 82, 87 (2019) (quoting *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411 (1983)). We are "bound by the [C]ommission's findings of fact as long as 'there was credible evidence presented such that a reasonable mind could conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding." *Anderson*, 65 Va. App. at 361 (alteration in original) (quoting *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 83-84 (2005) (en banc)). The "[C]ommission's determination regarding causation is a finding of fact." *Lee Cnty. Sch. Bd. v. Miller*, 38 Va. App. 253, 260 (2002).

A claimant bears the burden of proving by a preponderance of the evidence that the work-related accident caused the injury for which compensation is sought. *Hoffman v. Carter*, 50 Va. App. 199, 214 (2007). "Causation is usually proven by medical evidence." *Clinch Valley*

- 5 -

*Med. Ctr. v. Hayes*, 34 Va. App. 183, 192 (2000). But "[m]edical evidence is not necessarily conclusive" and "is subject to the [C]ommission's consideration and weighing." *Dollar Gen. Store v. Cridlin*, 22 Va. App. 171, 176 (1996) (quoting *Hungerford Mech. Corp. v. Hobson*, 11 Va. App. 675, 677 (1991)). "The testimony of a claimant may also be considered in determining causation, especially where the medical testimony is inconclusive." *Id.*; *see also Cnty. of Henrico v. O'Neil*, 75 Va. App. 312, 332-33 (2022) (stating that "where 'the [medical] reports reflect only the results of claimant's physical examination and do not purport to establish the cause or causes of her injury[,] . . . the [C]ommission [is] free to credit claimant's testimony at the hearing as a basis for its finding of causation'" (alterations in original) (quoting *Strictly Stumps, Inc. v. Enoch*, 33 Va. App. 792, 795 (2000))).

The evidence here sufficed for the Commission to find that Thacker's right-shoulder injury was caused by his work-related accident. Thacker testified that he felt pain "everywhere" when he slipped and fell on the concrete. He extended his arm to try to catch himself, but he fell on his buttocks, back, and arm. Thacker's initial treatment in the two months following the accident focused on his tailbone. But as the Commission found, Thacker "began to notice pain and loss of motion in [his] shoulder once the tailbone pain decreased." When Thacker sought treatment for his shoulder in May, he complained that the pain began after the January accident and denied any prior "history of instability." Thacker's testimony at the hearing was consistent with the medical records. He testified that he began feeling pain in his shoulder when the tailbone pain subsided. He said he heard "clicking" and felt "shot pain" in his shoulder when raising his arm.

The Commission properly relied on Thacker's testimony and the medical records detailing his complaints and treatment to conclude that Thacker met his burden of proving that the shoulder injury was caused by the fall. We are bound by that factual finding because credible

- 6 -

evidence supports it, despite that the record evidence—such as Thacker's delay in reporting shoulder pain—could have "support[ed] a contrary finding." *Anderson*, 65 Va. App. at 361.

We reject the Fund's claim that the Commission improperly saddled it with the burden to disprove causation. The Fund anchors that claim to one sentence plucked from the majority opinion that "no medical evidence was introduced" that Thacker's right-shoulder injury "resulted from a different cause or existed prior to his fall." But the next two sentences—which the Fund overlooks—confirm that the Commission (1) properly placed the burden of proving causation on Thacker and (2) found that he carried that burden:

> The *claimant*'s burden for proving a compensable injury is a preponderance of the evidence. When the claimant's testimony is considered with the medical records, we are persuaded *that burden has been met*.

(Emphases added.)

CONCLUSION

We find no basis to disturb the Commission's finding that Thacker's work-related accident caused his right-shoulder injury.

*Affirmed.*