COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Athey, Ortiz and Senior Judge Clements
Argued by videoconference

FAIRFAX COUNTY

MEMORANDUM OPINION* BY
v.      Record No. 1388-22-4          JUDGE DANIEL E. ORTIZ
                                      JUNE 27, 2023

SCOTT HALISKY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Robert M. Hardy, Assistant County Attorney (Elizabeth D. Teare,
County Attorney, on brief), for appellant.

James E. Swiger (The Law Office of James E. Swiger, PLLC, on
brief), for appellee.


Fairfax County appeals a decision of the Virginia Workers' Compensation Commission

awarding Scott Halisky temporary total disability benefits, beginning November 17, 2020, and

continuing until conditions justify a modification.  Fairfax County argues that the Commission erred

in finding that: (1) Halisky's disability—starting on November 17, 2020—was a compensable

consequence of an earlier work accident and (2) was not attributable to his intentional conduct.

Because the Commission's factual findings are supported by credible evidence and medical

testimony, we find no error and affirm the decision of the Commission.

BACKGROUND

"On appeal from a decision of the Workers' Compensation Commission, the evidence

and all reasonable inferences that may be drawn from that evidence are viewed in the light most

_____

* This opinion is not designated for publication.  *See* Code § 17.1-413.

favorable to the party prevailing below." *Anderson v. Anderson*, 65 Va. App. 354, 361 (2015) (quoting *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 83 (2005) (en banc)).

In 2019, Halisky, a firefighter and EMT, filed a claim for benefits, alleging a compensable injury to his left shoulder that occurred when he was lifting a stretcher from an ambulance. Halisky's post-injury MRI revealed small partial tears with moderate underlying tendinosis, a SLAP tear, and osteoarthritic changes. In February 2019, Dr. Branche performed arthroscopic surgery on Halisky's shoulder. Halisky continued to feel pain in his shoulder, and Dr. Branche referred Halisky to Dr. Lovallo for follow-up care.

Fairfax County accepted the injury as compensable, and the Commission awarded Halisky temporary total disability benefits in the amount of $1,082 per week beginning January 24, 2019, as well as medical benefits. In January 2020, Drs. Lovallo and Branche both released Halisky to return to work as a firefighter and EMT. Halisky returned to his pre-injury work on January 28, 2020. The parties agreed to terminate Halisky's temporary total disability benefits, effective January 27, 2020, even though he continued to suffer from shoulder pain following his return to work.

On November 19, 2020, Halisky filed an additional claim for benefits, seeking an award of temporary total disability benefits starting November 17, 2020, as he claimed that he "fell (not at work) onto injured left shoulder, more susceptible to injury, and sustained aggravation of left shoulder injury." Halisky alleged that "this [wa]s a compensable consequence" of his original injury.

Halisky sustained his November 17, 2020 injury while on vacation in Florida, when he fell on a fishing boat and landed on his left shoulder. Upon his return from Florida, Halisky underwent an MRI. Halisky saw Dr. Lovallo in follow-up to the MRI. Dr. Lovallo found that Halisky's MRI revealed "left shoulder glenohumeral joint arthritis." Dr. Lovallo found that

Halisky did not suffer a new injury, but "re-aggravated his left shoulder due to pre-existing glenohumeral joint arthritis."

On January 28, 2021, upon Fairfax County's request to complete a questionnaire, Dr. Lovallo opined that Halisky's arthritis was pre-existing to the work injury. Dr. Lovallo denied that Halisky had "recover[ed] from the work injury and then aggravate[d] the pre-existing arthritis in an off work incident." On April 8, 2021, Dr. Lovallo answered additional questions from Fairfax County to a reasonable degree of medical certainty. He stated that Halisky's diagnosis was "arthritis left shoulder" and that his January 2019 accident aggravated this pre-existing condition. Dr. Lovallo further stated that Halisky had reached maximum medical improvement on November 16, 2020. Dr. Lovallo concluded that Halisky's January 2019 accident did not contribute to his November 2020 fall and that absent this fall, Halisky would have been able to continue working full duty.

On September 8, 2021, Dr. Lovallo answered questions from Halisky regarding his injury to a reasonable degree of medical certainty. Dr. Lovallo admitted that "Halisky's left shoulder was rendered more susceptible to the injuries he sustained on November 17, 2020, as a consequence of the injuries that he sustained on January 23, 2019, and the surgical interventions that were necessitated." Dr. Lovallo opined that Halisky's November 2020 injuries "would not have been as severe had it not been for the prior injuries" that Halisky sustained in January 2019. He further opined that Halisky was unable to perform his duties as a firefighter "due to the restrictions resulting from his left shoulder, as a combination of" the January 2019 injury and the November 2020 "additional injuries." Dr. Lovallo concluded that Halisky had 15% loss to his left arm "as a combination of the injuries" from January 2019 and November 2020.

On November 18, 2021, the parties convened for a hearing with the deputy commissioner. At the hearing, the parties stipulated that Dr. Lovallo was Halisky's treating

physician and that Halisky had been "totally disabled" due to his left shoulder injury since November 17, 2020. Fairfax County countered that there was no causal connection between Halisky's injury and disability or between his injury and medical treatment.

Halisky testified that he was working as an EMT in January 2019 when he injured his left shoulder pulling a stretcher out of the back of an ambulance. He had never suffered pain or received treatment on his left shoulder before this incident. He underwent surgery and returned to work on January 27, 2020. Halisky testified that he continued to suffer shoulder pain following his return to work. Then, on November 17, 2020, Halisky was fishing on his uncle's boat in Florida when he slipped and fell and landed on his left shoulder. Halisky "felt the same pain [he] felt with the initial injury."

After reviewing the evidence and the oral testimony, the deputy commissioner concluded that Halisky's "fall on November 17, 2020, [wa]s a compensable consequence of the January 23, 2019 accident." The deputy commissioner entered an award in Halisky's favor in the amount of $942.11 per week, beginning November 17, 2020, and continuing until conditions justified a modification. The deputy commissioner credited Halisky's testimony that he was unaware of any pre-existing issues in his shoulder before the compensable accident, which was supported by the lack of any prior medical treatment for the left shoulder before the work accident in January 2019. The deputy commissioner also noted Halisky's unchallenged testimony that he had trouble at work once he returned to full duties. After considering all the evidence, the deputy commissioner found that Dr. Lovallo's opinion provided the "critical link" between the compensable accident on January 23, 2019, and the aggravation on November 17, 2020. He found Dr. Lovallo's September 8, 2021 written responses "[p]articularly compelling." These responses confirmed that the compensable work accident rendered Halisky's left shoulder more susceptible to the injuries he sustained in November 2020 and that the injuries Halisky sustained

in November 2020 would not have been as severe but for the 2019 work-related injury and resulting surgery.

The deputy commissioner acknowledged that "the fall on the boat [wa]s not an independently compensable injury by accident under the Act" but, rather, a compensable consequence of the January 23, 2019 accident. And he found exceptions that could have relieved Fairfax County of responsibility for the compensable consequences from Halisky's November 17, 2020 fall did not apply.[1] Thus, finding that Halisky's fall was not attributable to his conduct, the deputy commissioner found that "[t]he uncontroverted evidence shows [Halisky] unintentionally slipped, fell, and landed on his shoulder."

Fairfax County timely submitted its request for review of the deputy commissioner's opinion to the Commission, asserting that the deputy commissioner erred in finding that Halisky met his burden of proving his 2020 disability was a compensable consequence of his January 23, 2019 work accident. Fairfax County also asserted that the deputy commissioner erred in finding that Halisky's disability, starting on November 17, 2020, was not attributable to his intentional conduct of falling on a fishing boat in Florida while on vacation. Finally, Fairfax County contended the deputy commissioner erred in finding that Halisky's fall on a fishing boat exacerbated his original work injury.

The Commission affirmed the deputy commissioner's findings, emphasizing that Dr. Lovallo ultimately related the claimant's condition after the fall in Florida to the January 23, 2019 work accident and that Dr. Lovallo's causation opinion was uncontradicted. The

---

[1] The deputy commissioner outlined three exceptions to the doctrine of compensable consequences: "an aggravation of an earlier occupational injury if the new injury results from an accident that is independently compensable under" the Act, "a consequence resulting from an intervening cause attributable to a claimant's intentional conduct," and "a compensable consequence of a compensable consequence." Relevant here is whether Halisky's intentional conduct caused the disability, as alleged by Fairfax County.

Commission agreed with the deputy commissioner's assessment that Halisky's work accident made his left shoulder susceptible to the aggravation he suffered in November 2020, a compensable consequence of his original injury. Fairfax County appeals.

ANALYSIS

Decisions of the Commission "shall be conclusive and binding as to all questions of fact." Code § 65.2-706(A). "Consequently, on appeal, 'we do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses.'" *Jeffreys v. Uninsured Emp.'s Fund*, 297 Va. 82, 87 (2019) (quoting *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411 (1983)). Instead, "we are bound by the [C]ommission's findings of fact as long as 'there was credible evidence presented such that a reasonable mind could conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding." *Anderson*, 65 Va. App. at 361 (alteration in original) (quoting *Artis*, 45 Va. App. at 83-84). It is well-established that "[t]he [C]ommission's construction of the Act is entitled to great weight on appeal." *Wardell Orthopaedics, P.C. v. Colonna's Shipyard, Inc.*, 72 Va. App. 296, 301 (2020) (alterations in original) (quoting *Ceres Marine Terminals v. Armstrong*, 59 Va. App. 694, 702 (2012)). Conversely, "the [C]ommission's legal determinations are not binding on appeal and will be reviewed *de novo*." *Roske v. Culbertson Co.*, 62 Va. App. 512, 517 (2013) (quoting *Wainwright v. Newport News Shipbuilding & Dry Dock Co.*, 50 Va. App. 421, 430 (2007)).

On appeal, Fairfax County challenges the Commission's award of temporary total disability benefits, beginning November 17, 2020, and continuing until conditions justify a modification. Fairfax County argues that the Commission erred in finding that Halisky's disability was a compensable consequence of his earlier work accident. Fairfax County also

contends that the Commission erred in finding that Halisky's disability was not attributable to his intentional conduct.

"The doctrine of compensable consequences allows a claimant to recover for injuries that result from an industrial accident even if those injuries do not manifest during the initial industrial accident, but rather, develop at some point in the future." *Anderson*, 65 Va. App. at 363 (citing *Berglund Chevrolet, Inc. v. Landrum*, 43 Va. App. 742, 751 (2004)). "When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct." *Farmington Country Club, Inc. v. Marshall*, 47 Va. App. 15, 22 (2005) (quoting *Imperial Trash Serv. v. Dotson*, 18 Va. App. 600, 606-07 (1994)). "The issue in cases involving the range of compensable consequences flowing from the primary injury is essentially one of whether the medical evidence proves a causal connection between the primary injury and the subsequent occurrence." *Williams Indus., Inc. v. Wagoner*, 24 Va. App. 181, 188 (1997).

The claimant has the "burden of proving causation." *Farmington*, 47 Va. App. at 27 (citing *Marcus v. Arlington Cnty. Bd. of Supervisors*, 15 Va. App. 544, 551 (1993)). The Commission's determination regarding causation is a finding of fact. *Tex Tech Indus., Inc. v. Ellis*, 44 Va. App. 497, 504 (2004). "A finding of causation need not be based exclusively on medical evidence, and *a claimant is not required to produce a physician's medical opinion in order to establish causation*." *Id.* (citing *Dollar Gen. Store v. Cridlin*, 22 Va. App. 171, 176-77 (1996)). Causation may be proven by direct or circumstantial evidence, including by either medical evidence or testimony of the claimant. *Id.*

Fairfax County argues that "the evidence clearly demonstrates that [Halisky's] fall in Florida was not directly caused by the original injury and also did not exacerbate the original

injury." Rather, Fairfax County contends Halisky's 2020 fall merely re-aggravated his pre-existing arthritis. Fairfax County alleges that the Commission relied erroneously on Dr. Lovallo's September 8, 2021 opinion, in which Dr. Lovallo opined that Halisky's left shoulder was more susceptible to the injuries he sustained on the boat because of the original work injury and that his inability to work as a firefighter was due to a "combination of the January 23, 2019, injury and the additional injuries he sustained on November 17, 2020." Fairfax County argues that these opinions were "inconsistent with contemporaneous medical notes and his prior opinions."

Given the level of deference our Court affords the factual findings of the Commission and given the credible evidence that supported its factual findings, we disagree with Fairfax County. Though Dr. Lovallo confirmed that Halisky's 2020 fall aggravated his arthritis, which pre-existed his work accident, this was not his only statement regarding the causation of Halisky's disability. In September 2021, Dr. Lovallo opined, to a reasonable degree of medical probability, that "Halisky's left shoulder was rendered more susceptible to the injuries he sustained on November 17, 2020, as a consequence of the injuries that he sustained on January 23, 2019." As the Commission noted, "Dr. Lovallo ultimately related the claimant's condition after the fall in Florida to the January 23, 2019 work accident." Finding Dr. Lovallo's opinion was "uncontradicted," the Commission appropriately credited his opinion in forming its factual findings related to causation. The Commission made its determination based on credible evidence. Moreover, Halisky's testimony that his pre-existing arthritis was asymptomatic before the compensable work injury in 2019—and that he continued to suffer shoulder pain following the work accident—supported Dr. Lovallo's opinion. Because we do not reweigh the Commission's findings of credibility, Dr. Lovallo's opinion provided a sufficient evidentiary basis for the Commission's decision. *See Jeffreys*, 297 Va. at 87.

- 8 -

Fairfax County also argues that Halisky's aggravation of his shoulder injury was the result of an intervening cause attributable to his own intentional conduct, as he "voluntarily and intentionally chose to travel to Florida for recreational purposes where he was involved in an accident that had no causal connection to his original work accident or original work injury." Halisky responds that "the mere act of going fishing, and living his life" does not constitute "the type of intentional conduct, which breaks the causal chain from Halisky's original injury and fall." He testified that he unintentionally slipped, fell, and landed on his shoulder. Moreover, there was "no medical restriction" that prohibited him from fishing or engaging in everyday activities and recreation.

Fairfax County's arguments are misguided. It failed to present any evidence of the type of intentional conduct required to bar recovery in this matter. Instead of relying on evidence of "intentional conduct," they highlight Halisky's decision to go on a vacation. As the Commission found, Dr. Lovallo ultimately related Halisky's condition after the fall in Florida to his January 23, 2019 work accident. Based upon Halisky's testimony and Dr. Lovallo's opinion, the Commission could reasonably conclude that Halisky did not partake in intentional conduct that attributed to his change in condition.

CONCLUSION

We do not reweigh the factual and credibility determinations of the Commission when such determinations are supported by credible evidence. Here, the Commission's findings were based on credible evidence from Dr. Lovallo that was corroborated through the uncontradicted testimony of Halisky. For the foregoing reasons, we affirm the decision of the Commission.

*Affirmed.*